# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL GRASSI and CFOM, INC., <br><br>    Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> JOHN GRASSI, ALOTECH LIMITED, LLC, <br><br>    Defendants- Counterclaimants, <br><br> AND <br><br> CHARLES RIZZUTI, <br><br>    Third-Party Counterclaim Defendant. | Case No.  1:18-CV-2619 |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order.

To expedite the flow of discovery material in the above-referenced case, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

    **A.**    Definitions

    1.    "Party": any party to this action.

2. "Material": all information and documents and things, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, discovery responses, pleadings, exhibits, or tangible things), produced, served or otherwise provided, whether formally or informally, in this action by the Parties or by nonparties.

3. "Designated Material": Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Order.

4. "Designating Party": a Party or non-party that designates Material that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

5. "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

6. "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material: Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious financial injury or competitive harm, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by

a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for Material that constitutes proprietary financial, technical, or commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business, including, by way of example only, information relating to future products, current or prospective customer engagements, strategic plans, non-public financial data, documents that would reveal proprietary trade secrets, non-public contracts with third parties, documents reflecting settlement negotiations, the terms of settlement, settlement agreements, or other settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. The designation may not be applied to Material that was once in the possession, custody, or control of the Receiving Party.  In the event Material is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the Receiving Party believes that the designation is inappropriate pursuant to this provision because the Material was once in the possession, custody, or control of the Receiving Party, the burden shall be on the Receiving Party to demonstrate that the information was previously in his or her possession, custody, or control such that the designation should not have been applied.

    7.    "Receiving Party":  a Party that receives Material from a Designating Party.

    8.    "Counsel of Record":  (i) counsel who appears on the pleadings as counsel for a Party; (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

9. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and their employees and subcontractors.

10. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus groups retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

B. Scope/Applicability of Protective Order

11. This Protective Order and any amendments or modifications hereto ( the "Order") shall govern all Designated Material, or portion thereof, produced or provided by any Party or non-party to the litigation to any other party, including, but not limited to, answers to interrogatories, answers to requests for admission, responses to requests for the production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, and any other writings or things produced, given or filed in this action. This Order shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions, notes, or other forms of recorded information containing, reflecting, or disclosing any such Designated Material. Nothing herein shall alter or change in any way the

discovery provisions of the Federal Rules of Civil Procedure, applicable case law, the Local Rules of the Northern District of Ohio, or any deadlines specifically set by this Court.

      C.     Access To Designated Material

     12.    "CONFIDENTIAL" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to the following in addition to those identified in Paragraph 19 below regarding use of Designated Material at depositions:

        (a)    Any Party to this action and current and former employees, officers, directors or agents of any Party to this action to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation, provided that in the case of a former director, officer, or employee of a Party, that individual must sign the "Agreement To Be Bound By Protective Order" attached hereto as <u>Exhibit A</u>;

        (b)    Counsel of Record;

        (c)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as <u>Exhibit A</u>;

        (d)    witnesses, during deposition, provided that they have signed the "Agreement To Be Bound By Protective Order" attached hereto as <u>Exhibit A</u> and further provided that they may not retain copies of Designated Material unless permitted by other provisions of this Order;

        (e)    the Court and its personnel;

        (f)    any mediator in this matter, and his or her staff;

(g) court reporters and videographers; and

(h) Professional Vendors to which disclosure is reasonably necessary for this litigation.

13. "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material only to the following in addition to those identified in Paragraph 18 below regarding use of Designated Material at depositions:

(a) Counsel of Record;

(b) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as <u>Exhibit A</u>;

(c) the Court and its personnel;

(d) any mediator in this matter, and his or her staff;

(e) court reporters and videographers; and

(f) Professional Vendors to which disclosure is reasonably necessary for this litigation.

14. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as <u>Exhibit A</u>, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any such disclosure of Designated Material shall retain each original executed certificate and, upon reasonable written request, shall provide copies to counsel for all other parties.

15. Pretrial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Designated Material. A Receiving Party intending to disclose or discuss another party's Designated Material at a pretrial proceeding shall provide notice to the other Parties ten calendar (10) days in advance of said proceeding, or if the proceeding is set less than ten (10) calendar days in advance, then promptly after receiving or giving notice of said proceeding.

**D.** Use Of Designated Material

16. Use Of Designated Material By Receiving Party. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of prosecuting or defending this litigation and shall not be used in any other way or for any other business or competitive purpose. The Receiving Party shall maintain all Designated Material in a safe and secure area. Information contained or reflected in Designated Materials shall not be disclosed in conversations, internal strategy or business meetings, presentations by Parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

17. Use Of Designated Material By Designating Party. Nothing in this Order shall limit any Designating Party's use of its own Designated Material, nor shall it prevent the Designating Party from disclosing its own Designated Material. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

18. Use of Designated Material at or in Preparation for Depositions. Except as may be otherwise ordered by the Court, any person may be interviewed by Counsel of Record,

examined as a witness at depositions, or testify concerning all Designated Material of which such person has or is reasonably believed to have relevant information. Without in any way limiting the generality of the foregoing:

(a) A current or former director, officer, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Designating Party may be examined and may testify concerning (i) all Designated Material which has been produced by that Party; and (ii) all Designated Material which has been produced by any other Party or non-party of which he or she has prior knowledge, provided that, in the case of a former director, officer, or employee of a Designating Party, he or she must first sign the "Agreement To Be Bound by Protective Order" attached hereto as <u>Exhibit A</u>; and

(b) Non-parties may be examined or testify concerning any Designated Material of a Designating Party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Designating Party, or a representative of such Designating Party.

(c) Any person other than a deposition witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from any portion of the deposition when such information is discussed or otherwise disclosed, unless the Designating Party consents to persons other than qualified recipients being present during that portion of the deposition.

(d) A witness or potential witness who previously had access to Material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," but who is not under a present nondisclosure agreement with the Designating Party that covers that Material,

may be shown the Material if a copy of this Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Order and that the Order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

(e) The witnesses may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The Designating Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel and that no notes may be made of the transcript or the exhibits by the witness or his or her counsel.

**E.** Procedure for Designating Materials

19. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" material the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, and a Designating Party may designate as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above.

20. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order should be designated in accordance with this Order before the material is disclosed or produced.

21. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in bold, 12-point font, on the first page of the document or items that contains Designated Material.

(b) For Material disclosed at a deposition or other pretrial proceedings, the Designating Party may designate any portion of the testimony, document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The Parties will use their best efforts to make all such designations at the times of the deposition or other pretrial proceedings. However, if no such designation is made at the time of the deposition, any party may later designate testimony, documents or information disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by informing the reporter and opposing party in writing within ten (10) calendar days of notice from the court reporter of the completion of the transcript . Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as instructed by the Designating Party. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" until the ten (10) calendar day period has expired. If no designation is made at the deposition or within such ten (10) calendar day period (during which period, the transcript shall be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material.

(c) For Material produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**F.** Challenges to Confidentiality Designations

22. The Parties will use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" Material or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

23. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Designating Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The Parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Designating Party may move the Court, within ten (10) calendar days from the date of impasse on this issue, to designate the disputed Material

11

"CONFIDENTIAL", or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as to which the Designating Party shall have the burden of proof. If the Designating Party timely seeks relief from the Court, the Material in question shall continue to be treated as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as the case may be, until the Court rules on the matter or the Designating Party withdraws its motion. If, prior to a decision from the Court, an agreement is reached confirming or waiving the designation as to any documents subject to the challenge, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. Applications to the Court for an order relating to any documents designated under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

    **G.**    Privilege

    24.    Federal Rule 26(b)(5)(B) shall govern the production of information subject to a claim of privilege or of a protection as trial-preparation material.

    **H.**    Inadvertent Failure To Designate

    25.    An inadvertent failure to designate qualified Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Designating Party may notify the Receiving Party in writing that the material is to be designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" with the factual basis for the assertion of such designation(s).  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The Designating Party shall provide substitute copies of Material bearing the confidentiality designation.

    **I.**    Filing Designated Material

26.    Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with Rule 5.2 of the Local Rules for the Northern District of Ohio; Electronic Filing Policies and Procedures Manual Section 19. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. To the extent that a brief, memorandum or pleading references any Designated Material marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing. Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are

13

being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

**J.**     Unauthorized Disclosure Of Designated Material

27.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

**K.**     Nonparty Use of this Order

28.     A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

29. A non-party's use of this Order to protect its "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information does not entitle that non-party access to "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information produced by any Party in this case.

**L.**     Duration

30. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**M.**     Termination or Resolution of this Litigation

31. No later than thirty (30) calendar days following either i) the termination of this litigation pursuant to a final judgment disposing of all issues in the case and all appeals in this litigation have been exhausted or ii) the full and complete resolution of this litigation resulting in a dismissal with prejudice of all claims and counterclaims alleged in this litigation, each Receiving Party must take reasonable steps to return all Designated Material produced by a Designating Party to the Designating Party's Counsel of Record, and, where applicable, must further take reasonable steps to ensure that all electronic Designated Material in the possession, custody, or control of the Receiving Party has been permanently deleted, purged, and/or removed from any electronic repositories of such Designated Material.  The Designating Party's Counsel of Record may request written certification from any Receiving Party that all such Designated Material has been returned and/or has been permanently deleted, purged, and/or removed from any electronic repositories of such Designated Material.

**N.** Miscellaneous

32. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

33. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, including at any trial, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

34. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

35. This Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Material produced under the protection of this Order shall be resolved by this Court.

36. This Order does not govern or apply to the use or disclosure of Designated Material at trial, as to which the Parties reserve the right to seek appropriate protection from the Court.

SIGNED this __11th__ day of _____March_____, 2019.

                                                  *s/ James S. Gwin*
                                                  THE HON. JAMES GWIN
                                                  UNITED STATES DISTRICT COURT

| **WE SO MOVE/STIPULATE** | **WE SO MOVE/STIPULATE** |
|---|---|
| For Plaintiffs and Third-Party Counterclaim Defendant Charles Rizzuti: | For Defendants/Counterclaim Plaintiffs: |
| /s/ Mark S. O'Brien<br>Mark S. O'Brien (0072886)<br>Attorney for Plaintiffs<br>2460 Fairmount Boulevard, Suite 301B<br>Cleveland Heights, Ohio 44106<br>Telephone: (216) 544-3312<br>E-mail: msobrien9@icloud.com | /s/ Suzanne Bretz Blum<br>Suzanne Bretz Blum (0047231)<br>JoZeff W. Gebolys (0093507)<br>BROUSE MCDOWELL<br>600 Superior Avenue East, Suite 1600<br>Cleveland, Ohio 44114<br>Telephone: (216) 830-6830<br>Facsimile: (216) 830-6807<br>sblum@brouse.com<br>jgebolys@brouse.com<br><br>John M. Moye (admitted *pro hac vice*)<br>Chris W. Haaf (admitted *pro hac vice*)<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309<br>Telephone: (404) 815-6629<br>Facsimile: (404) 541-3453<br>Email: jmoye@kilpatricktownsend.com<br>        chaaf@kilpatricktownsend.com |

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Michael Grassi v. John Grassi*, Case No. 1:18-cv-2619, which case is pending in the United States District Court for the Northern District of Ohio, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]