IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Michael Grassi, et al.,** | **Case No. 1:18-cv-02619-PAB** |
| **Plaintiffs,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **John Grassi, et al.,** | |
| | **CIVIL TRIAL ORDER** |
| **Defendants.** | |

**1. Trial and Final Pre-Trial Dates**

**This case is scheduled for Trial on May 31, 2022.** The trial day will begin promptly at 9:00 a.m. and will conclude at approximately 4:30 p.m. Counsel must appear at 8:30 a.m. The trial will be held in the courtroom of United States District Judge Pamela A. Barker, located in Room 16A of the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland Ohio, 44113.

**The Final Pretrial Conference is scheduled for May 13, 2022 at 9:00 a.m.** Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, jury instructions, witness and exhibit lists, scheduling and settlement. Counsel are to have conferred with their clients, and with each other, regarding their final settlement posture no later than two (2) business days before the final pretrial conference.

**2. Trial Briefs and Witness and Exhibits Lists**

Each party is required to file a trial brief with the Court no later than **fourteen (14) days** prior to the scheduled trial date. In addition, one (1) copy of each party's trial brief shall be delivered to Chambers. A trial brief shall include: (a) a statement of the facts; (b) a discussion of the controlling

law with particular emphasis on those legal issues which might justify a complete or partial motion under Rule 50 of the Federal Rules of Civil Procedure; (c) a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness; (d) an index of all proposed exhibits containing a brief description of each exhibit; (e) a discussion of any evidentiary issues likely to arise at trial; (f) any proposed *voir dire* questions; (g) proposed jury instructions (as set forth in Paragraph 8 of this Order); and (h) an estimate of the length of the trial.

A witness not listed in the trial brief shall not testify at trial except under extraordinary circumstances. This rule applies to lay witnesses as well as to expert witnesses. An exhibit not listed in the trial brief shall not be introduced at trial, absent a showing of good cause. Counsel are required to exchange trial briefs no later than seven (7) days prior to the scheduled trial date.

In non-jury trials, proposed Findings of Fact and Conclusions of Law shall be incorporated into the trial brief. Proposed Findings of Fact and Conclusions of Law shall be consecutively numbered with each stated in a separate paragraph. The proposed Findings of Fact and Conclusions of Law shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based. Proposed Conclusions of Law shall cite legal authority.

3. **Motions in Limine**

Motions *in Limine* shall be filed no later than **twenty-eight (28) days prior to trial.** Responses to Motions *in Limine* shall be filed seven (7) days thereafter.

4. **Stipulations of Fact and Preliminary Statements**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses

2

to facts which are not in dispute. **Stipulations are to be filed with the Court no later than seven (7) days prior to trial.**

Counsel shall also prepare and submit a **Joint Preliminary Statement**, not to exceed 1 page, describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and shall be delivered to Chambers no later than **seven (7) days prior to the trial.**

5. **Exhibits**

The Court is using new technology to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive. A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits. Each party must send the exhibits in this format to the Court, Chambers 16A, such that the Court is guaranteed to receive them by no later than **two days before trial.**

The Exhibit Files must be renamed using a naming convention similar to:<exhibit number>-<exhibit part>_<exhibit description>.<file extension>. The exhibit number MUST be a number. Exhibits with subparts can be so designated using a letter for the exhibit part. The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

1-a_photograph.jpg12_2009

Tax Statement.pdf

35d.pdf

3

12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3"). The case number shall also appear on the stickers.

In addition to electronically submitting exhibits, Counsel shall submit to the Court two (2) hard copies of all proposed exhibits, contained in two separate binders, along with an index containing a brief description of each exhibit on the morning that the trial commences. There is no need to file the exhibits with the Clerk of Court. Rather, exhibits may be delivered directly to the Judge's chambers. The original exhibits should be retained by counsel for use at trial. Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) days before the scheduled trial date.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval. If the Court approves such a request, a copy for each juror must be provided so that all jurors may view the exhibit simultaneously. Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

**6.     Objections to Witnesses or Exhibits**

Counsel are directed to confer with each other to resolve any objections to witnesses or exhibits that they may have. Objections to a proposed witness or exhibit that have not been resolved among counsel shall be filed with the Court no later than **three (3) days prior to trial**. Such objections shall include a brief statement setting forth reasoning why the proposed witness or exhibit

should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

7. **Voir Dire**

Pursuant to Local Rule 47.3, the Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question briefly individual panel members on relevant issues not addressed by the Court. Proposed *voir dire* questions included in the trial brief may be included in the Court's examination, subject to the Court's discretion.

8. **Proposed Jury Instructions**

**Counsel for the various parties are required to confer with one another in person with respect to proposed jury instructions, with a view to reaching agreement on instructions to be requested.**

**The parties shall file one joint set of jury instructions identifying the following:**

> **(a) instructions agreed upon by all counsel with supporting legal authority; and**
>
> **(b) instructions in dispute with the party proposing the instruction stating supporting reasons and legal authority, and the party objecting to the instruction stating supporting reasons and legal authority.**

**No proposed jury instruction will be considered by the Court unless it has been submitted in compliance with these provisions, except that requests for instructions that could not reasonably have been anticipated may be submitted during trial.**

Counsel must also provide the agreed upon jury instructions to the Court on a USB drive. The Court is equipped with Microsoft Word. When submitting the USB drive to the Court, counsel are advised to alert the security guards and avoid the x-ray machine to avoid accidental erasure.

9. **Deposition Testimony (Videotape and Written)**

Whenever depositions (videotape and written) are intended to be used as evidence at trial, counsel proposing to use such deposition shall notify opposing counsel in the trial brief. Any objections to portions of the deposition must be filed in writing with the Court at least five (5) days prior to trial. If there are objections, counsel proposing to use said deposition shall file a brief in support within three (3) days after the objections are filed or indicate an agreement to delete the portion for which there is an objection. The Court must be provided with a complete written transcript of videotape depositions.

10. **Continuances**

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance endorsed in writing by all moving parties and their lead counsel of record. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.

11. **Electronic Courtroom**

Any party that wishes to familiarize themselves with the presentation equipment and other technology available for use in the courtroom prior to trial, should contact the Courtroom Deputy at 216-357-7240 no later than one week before trial to schedule a time to visit the courtroom. If the party will require technological assistance with any of the equipment, they should also contact the

Court's technology advisors to ensure that someone will be available during the scheduled time to assist with the set-up and use of any equipment, or any other technological issues that may arise.

12. **<u>Settlement</u>**

The parties shall notify the Court at the earliest possible time if a settlement is reached in the case.

**IT IS SO ORDERED.**


Date: November 17, 2021

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE
