IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL GRASSI and CFOM, INC., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> JOHN GRASSI and ALOTECH LIMITED, LLC, <br><br> Defendants-Counterclaimants. | Case No.  1:18-CV-2619 <br><br> JUDGE PAMELA BARKER |

### DEFENDANTS-COUNTERCLAIMANTS' MOTION FOR LEAVE TO (1) SEAL MOTIONS IN LIMINE, AND (2) FILE REDACTED MOTIONS IN LIMINE ON THE PUBLIC DOCKET

Pursuant to FRCP 7(b)(1), Local Rule 5.2, and this Court's Protective Order entered on March 11, 2019 (ECF No. 23), Defendants-Counterclaimants John Grassi and Alotech Limited, LLC (the "Alotech Parties") move this Court for an order sealing the Alotech Parties' unredacted Motions in Limine filed on May 3, 2022, and allowing the Alotech Parties to file a redacted version of the Motions in Limine (attached as Exhibit 1 to this Motion) on the public docket.[1] Entry of such an order will ensure protection of the confidential information included within the Motions in Limine. In support of this motion, the Alotech Parties state as follows:

---

[1] The Alotech Parties filed six Motions in Limine and their related memoranda as an omnibus motion on May 3, 2022. Each individual motion's memoranda is well within the page limits set by Local Rule 7.1(f). When bundled into a single document, the memorandum in support exceeds the limit of Local Rule 7.1(f) by five pages. The Alotech Parties request that if leave is granted to file the redacted Motions in Limine, as presented in Exhibit 1, leave also be granted to allow the related bundled memorandum to exceed the Local Rule 7.1(f) page limit. *See, i.e. Dewick v. Maytag Corp.*, 2004 WL 1102306, at *1 (N.D. Ill. May 17, 2004) (defendant filed 12 separate motions in limine; court entered an order, *sua sponte*, allowing plaintiffs to file a single memo in support of their response in opposition to all of the motions rather than separately; the court also permitted the defendant to file a reply brief in a single memo, with leave to exceed the local rule page limitation, if necessary).

1. This civil action is a complex case involving the ownership of and rights in certain intellectual property and/or certain commercial contracts with third-parties relating to that same intellectual property.

2. Owing to the complex nature of this case, and the proprietary and confidential nature of the intellectual property and commercial contracts at issue in this case, the parties, on March 7, 2019, moved this Court to enter a Stipulated Protective Order under FRCP 26(c)(1)(G) in order to protect the confidentiality of the information that is subject to this litigation and ensure that such information is not improperly disclosed to the public. (*See* ECF Nos. 21 and 22).

3. On March 11, 2019, this Court entered a Stipulated Protective Order that governs the use of information that is designated as confidential by the parties and, significant to the present motion, provides the parties the right and duty to protect the confidentiality of information by, among other things, filing confidential information under seal so as to protect it from public disclosure. (*See* ECF No. 23).

4. The Stipulated Protective Order states that if "the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing." (ECF No. 23, at 3).

5. Courts favor openness as to court records, in part because there is value in an informed public that is able to evaluate the merits of judicial decisions. *Hansauer v. TrustedSec, LLC*, No. 20mc101, 2020 WL 6546210, at *2-3 (N.D. Ohio Nov. 6, 2020) (Barker, J.). Parties moving to seal must overcome a presumption of access, and the more relevant a case is to the general public, the greater the burden to the proponent of sealing. *Id.* In evaluating the competing interests in a motion to seal, courts in the Sixth Circuit "consider, among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets,

and national security." *In re Davol Inc.*, 499 F. Supp. 3d 505, 514 (S.D. Ohio 2020) (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)).

6. There are various types of confidential information intertwined within the text of the Alotech Parties' Motions in Limine. Some of the confidential information proposed for redaction is sensitive business and intellectual property information of the Alotech Parties. Trade secret information and the measures related to protecting those trade secrets in confidential business arrangements is the type of information that is appropriately protected by tailored sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) (existence of a trade secret "is typically enough to overcome the presumption of access" by the public).

7. Other confidential information intertwined in the Motions in Limine concern information that should remain out of the public to avoid any unnecessary prejudicial disclosure to the public, press, or jurors. This information includes details of information undisclosed in the first trial that should remain undisclosed in the trial on remand. Leaving such information available on a public docket could potentially defeat, in part, the relief sought in the Motions in Limine, even if those motions are granted. The goal of allowing the public to understand the merits of a lawsuit's outcome is not advanced by access to information that is excluded from trial upon a court's granting of a motion in limine. By definition, the evidence excluded by a motion in limine was determined to be irrelevant or unduly prejudicial.

8. Additionally, the Alotech Parties seek to seal information that creates the potential for undue pressure and discomfort for non-party witnesses who are appearing to assist the parties, court, and jurors in the pursuit of justice in this matter. None of this information was produced in discovery. This confidential information is either completely irrelevant, or information for which its limited relevance is highly outweighed by its prejudicial nature. Such information is properly

sealed. *See Stryker Corp. v. Ridgeway*, No. 1:13-cv-1066, 2016 WL 11759717, at *2 (W.D. Mich. Mar. 7, 2016) (court granted a motion to seal a motion in limine and supporting document "concerning evidence of an irrelevant and potentially embarrassing matter," finding that there was "no need for the public to be apprised of it.")

9. There is no special public benefit to disclosure of the information that the Alotech Parties seek to seal. None of the proposed redacted information would inform the public of anything relevant to public health or safety, and this is not a class action or civil rights case.

Accordingly, the Alotech Parties respectfully move this Court to (1) permit their Motions in Limine to remain filed under seal, and (2) allow them to publicly file the redacted version attached as Exhibit 1.

Respectfully submitted, this the 6th day of May, 2022.

*/s/ Suzanne Bretz Blum*
Suzanne Bretz Blum (0047231)
Brouse McDowell
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
P: (216) 830-6830 / F: (216) 830-6807
sblum@brouse.com

*/s/ John M. Moye*
John M. Moye (GA Bar 685211)*
Barnes & Thornburg LLP
3475 Piedmont Road, Suite 1700
Atlanta, Georgia 30305
P: (404) 264-4006 / F: (404) 264-4003
jmoye@btlaw.com

*/s/ Cole Ramey*
Cole Ramey (TX Bar No. 16494980)*
Kilpatrick Townsend & Stockton, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100 / F: (214) 922-7101
cramey@kilpatricktownsend.com

/s/ Steven Moore
Steven Moore (CA Bar No. 290875)*
Kilpatrick Townsend & Stockton, LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
P: (415) 273-4741 / F: (415) 651-8510
smoore@kilpatricktownsend.com

* Admitted *Pro Hac Vice*
*Counsel for Defendants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date, I electronically filed the foregoing DEFENDANTS-COUNTERCLAIMANTS' MOTION FOR LEAVE TO (1) SEAL MOTIONS IN LIMINE, AND (2) FILE REDACTED MOTIONS IN LIMINE ON THE PUBLIC DOCKET via the Court's ECF system. I further certify that counsel of record for Plaintiffs is a registered ECF user and that service will be accomplished by the ECF system.

/s/ Suzanne Bretz Blum
*Counsel for Defendants*

5