## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

MICHAEL GRASSI and CFOM, INC., )
)
      Plaintiffs-Counterclaim Defendants, )   Case No.  1:18-cv-2619
)
v. )   JUDGE PAMELA BARKER
)
)
JOHN GRASSI and ALOTECH LIMITED, )
LLC, )
)
      Defendants-Counterclaimants. )
)

### PARTIES' JOINT
### PROPOSED JURY INSTRUCTIONS

      Defendants-Counterclaimants John Grassi and Alotech Limited, LLC, and Plaintiffs-Counterclaim Defendants Michael Grassi and CFOM, Inc., hereby submit the following proposed jury instructions to the Court for consideration and use in the jury trial that begins on May 31, 2022.  The parties have conferred to discuss and negotiate the language of the jury instructions. Items bracketed in **[blue]** are items submitted by Plaintiffs that Defendants do not agree to.  Items bracketed in **[green]** are items submitted by Defendants that Plaintiffs do not agree to.

      Respectfully submitted this 20th day of May, 2022.

*/s/ Suzanne Bretz Blum*
Suzanne Bretz Blum (0047231)
Brouse McDowell
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
P: (216) 830-6830 / F: (216) 830-6807
sblum@brouse.com

*/s/ John M. Moye*
John M. Moye (GA Bar 685211)*
Barnes & Thornburg LLP
3475 Piedmont Road, Suite 1700
Atlanta, Georgia 30305

P: (404) 264-4006 / F: (404) 264-4003
jmoye@btlaw.com

*/s/ Cole Ramey*
Cole Ramey (TX Bar No. 16494980)*
Kilpatrick Townsend & Stockton, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100 / F: (214) 922-7101
cramey@kilpatricktownsend.com

*/s/ Steven Moore*
Steven Moore (CA Bar No. 290875)*
Kilpatrick Townsend & Stockton, LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
P: (415) 273-4741 / F: (415) 651-8510
smoore@kilpatricktownsend.com

* Admitted *Pro Hac Vice*
*Counsel for Defendants*


*/s/ Michael B. Pasternak*
Michael B. Pasternak (Ohio Bar No. 0059816)
E-mail: Mpasternak1@msn.com
THE LAW OFFICE OF MICHAEL PASTERNAK
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
Telephone: (216) 360-8500

*/s/ Jeffrey Saks*
Jeffrey Saks (Ohio Bar No. 0071571)
E-mail: jsaks@sakslawoffice.com
THE SAKS LAW OFFICE, LLC
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
Telephone: (216) 255-9696

*Counsel for Plaintiffs Michael Grassi*
*and CFOM, Inc.*

<u>**JURY INSTRUCTIONS**</u>

**I.      GENERAL INSTRUCTIONS - INITIAL**

<u>Ohio Jury Instructions, CV 207.01</u>

Members of the jury, you have heard the evidence and the arguments of counsel.  It is now the duty of the court to instruct you on the law that applies to this case.  The court and jury have separate functions.  You decide the disputed facts, and I give the instructions of law.  It is your sworn duty to accept these instructions and to apply the law as I give it to you.  You are not permitted to change the law nor to apply your own idea of what you think the law should be.

<u>Ohio Jury Instructions, CV 207.03</u>

1.      BURDEN OF PROOF.  The person who claims that certain facts exist must prove them either by a preponderance of the evidence [or by clear and convincing evidence, as the case may be].  This duty is known as the burden of proof.

<u>Ohio Jury Instructions, CV 303.03</u>

2.      BURDEN ON PLAINTIFFS OR DEFENDANTS.   In this case, there are both claims alleged by the plaintiffs and a counterclaim alleged by the defendants.  Thus, the burden is on each party to establish the material issues necessary for their respective claims by a preponderance of the evidence [or by clear and convincing evidence, as the case may be].

<u>Ohio Jury Instructions, CV 207.05 and CV 303.07</u>

3.      Generally, the burden of proof in civil cases is proof by a preponderance of the evidence.  [With respect to certain claims, however, the party with the burden of proof will be required to prove the truth of certain matters by clear and convincing evidence.][1]

---

[1] The parties agree that this sentence may or may not be removed depending on the Court's decision on the burdens of proof applicable to Plaintiffs' claims, and the Court's decision on whether punitive damages on a trade secret misappropriation claim is appropriate for jury

4.      PREPONDERANCE.  Preponderance of the evidence is the greater weight of the evidence, that is, evidence that you believe because it outweighs in your mind the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  You must weigh the quality of the evidence.  Quality may or may not be identical with quantity or the greater number of witnesses.

5.      EQUALLY BALANCED.  If the weight of the evidence is equally balanced, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

6.      CLEAR AND CONVINCING.  "Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the truth of the matter.  It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.[2]

7.      CONSIDER ALL EVIDENCE.  In deciding whether an issue has been proved by a preponderance of the evidence or by clear and convincing evidence, as the case may be, you should consider all of the evidence, regardless of who produced it.

Ohio Jury Instructions, CV 207.07

8.      DEFINITION.  Evidence is all the testimony received from the witnesses, including depositions, the exhibits admitted during the trial and any facts that the court requires you to accept as true.

---

consideration.
[2] The parties agree that these sentences may or may not be removed depending on the Court's decision on the burdens of proof applicable to Plaintiffs' claims, and the Court's decision on whether punitive damages on a trade secret misappropriation claim is appropriate for jury consideration.

9.     VALUE OF EVIDENCE.  You may consider both direct and circumstantial evidence.  You must decide from all the direct and circumstantial evidence, taken together, whether the party who has the burden of proof has met that burden.

10.    DIRECT EVIDENCE.  Direct evidence is the testimony given by a witness who has seen or heard the facts about which the witness testifies.  It includes exhibits admitted into evidence during the trial and stipulations that you were instructed to accept as fact.

11.    CIRCUMSTANTIAL EVIDENCE.  Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts that naturally and logically follow according to the common experience of people.

12.    INFERENCE.  To infer, or to make an inference, is to reach a reasonable conclusion of fact that you may, but are not required to, make from other facts that you find have been established by direct evidence.  You may reach a reasonable conclusion about a fact or facts only from other facts or circumstances that have been proved by the greater weight of the evidence.  Whether an inference is made rests entirely with you.

13.    WRITTEN STIPULATIONS OR AGREED EXHIBITS.  The court has admitted exhibits concerning certain evidence, and these will be with you during your deliberations.  The Court will also provide you with certain information in the form of stipulations, which you are to consider as established facts or law.

Ohio Jury Instructions, CV 207.09

14.    REDACTED EXHIBITS.  During the course of the trial, you may have been shown documents with some portions blacked out, or redacted.  In those situations, you should not speculate about what may have been redacted or why.  Those redactions were approved by the Court prior to when the trial began.

15. SUMMARIES, CHARTS & DIAGRAMS. Summaries, charts, or diagrams prepared by a party or witness and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case. Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts. It is up to you to decide if the summaries are accurate. See United States v. Munar, 419 Fed. Appx. 600, 607-609 (6th Cir. 2011).

Ohio Jury Instructions, CV 207.09

15. ATTORNEY STATEMENTS ARE NOT EVIDENCE. The evidence does not include the pleadings or any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence.

16. EVIDENCE STRICKEN. Statements ordered stricken, or to which the court sustained an objection, or that you were instructed to disregard are not evidence and must be treated as though you never heard them.

17. OBJECTIONS AND SPECULATION. You must not guess why the court sustained the objection to any question or what the answer to such question might have been. You must not consider as evidence any suggestion included in a question that was not answered.

Ohio Jury Instructions, CV 207.11

18. JUDGES OF THE FACTS. You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.

19. WEIGHT. To weigh the evidence, you must consider the credibility of the witnesses. You will use the tests of truthfulness that you use in your daily lives.

20.     TESTS.  These tests include the appearance of each witness upon the stand; the witness' manner of testifying; the reasonableness of the testimony; the opportunity the witness had to see, hear, and know the things about which the witness testified; and the witness' accuracy of memory, frankness or lack of it, intelligence, interest, and bias, if any, together with all the facts and circumstances surrounding the testimony.  Use these tests and assign to each witness' testimony such weight as you think proper.

21.     ALL OR PART.  You are not required to believe the testimony of any witness simply because the witness was under oath.  You may believe or disbelieve all or any part of the testimony of any witness.  It is your duty to decide what testimony to believe and what testimony not to believe.  The testimony of one witness if believed by you is sufficient to prove any disputed fact.

Ohio Jury Instructions, CV 207.13

22.     TESTIMONY.  Some testimony was presented by deposition.  You are to consider this evidence to the same tests that you apply to other testimony.

[23.     CREDIBILITY.  If statements in other sworn testimony of the witness differ from the testimony given by the same witness in the court room, you may consider the statements to test the credibility of such witness].[3]

[24.     IMPEACHMENT OF WITNESS.  A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to do something, which is inconsistent with the witness' present testimony.  If you believe any witness has been impeached, and thus discredited, it is your exclusive right and duty to give that witness' testimony the credibility, if any, you think it

---

[3] See CV 207.13

deserves. If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other areas, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.][4]

[25. LOSS OR DESTRUCTION OF EVIDENCE. Plaintiffs claim that Defendants intentionally lost or destroyed the following relevant evidence; the ink-signed originals of the following three documents: (i) the October 22, 2012 CFOM work product agreement; (ii) the October 25, 2012 CFOM work product agreement; and (iii) the June 14, 2017 patent assignment. You are instructed that evidence that was willfully suppressed or destroyed by the Defendant would be, if it were available, adverse to the Defendant.][5]

## II.  THE PARTIES' CLAIMS[6].

### A.  <u>Plaintiffs' Claims</u>.

---

[4] See 1 OJI-CV 309.07; Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions, §73.04 (4th Ed. 1987).

[5] See *Adkins v. Wolever*, **554 F.3d 650 (6th Cir. 2009)] Plaintiffs have moved in limine to exclude admission of copies of these three documents under the best-evidence rule because there is a genuine issue as to their authenticity, based upon the testimony of Michael Grassi and corroborating documents. If the Court decides to admit copies, Plaintiffs request this instruction because the ink-signed originals were in Defendants' possession and their absence has not been explained, as detailed in plaintiffs' motion in limine.** Defendants disagree with all aspects of this proposed jury instruction. Plaintiffs have not filed and prevailed upon a motion to compel, a motion for sanctions based on a spoliation argument, or a motion for a finding of spoliation based upon any violation of a discovery order or other obligation. Thus, they have not demonstrated entitlement to an adverse inference instruction, and have not (and cannot) prevail on such a motion. Plaintiffs have never even posited a reason that original documents are important in this case. Moreover, the instruction is to a *contested factual issue for the jury to decide*, one as to which Plaintiffs have no evidence or other proof.

[6] Plaintiffs contend that the instructions should be ordered with trade secret misappropriation as the first claim, as that is to be plaintiffs' primary claim at trial. Defendants contend that breach of contract should appear first in the jury instructions, as it does in the Complaint, and that the claims in these instructions and the verdict form should appear in the order in which they were pled in the Complaint.

### *(1)*  **Breach of Contract**

1.      PLAINTIFFS' CLAIM. Plaintiffs claim that Plaintiffs and Defendants entered into [a contract] [an oral contract **in the fall of 2012 in which they agreed to a 65/35 split of the proceeds from the Honda license agreement**] and that Defendants breached the contract, causing the Plaintiffs damages.  Defendants deny that any contract existed, and therefore deny that there was a breach or any damages.

2.      PROOF OF CLAIM. Before you can find for Plaintiff, you must find by **[clear and convincing evidence]**[7] **[the greater weight of the evidence]** that:

    (1)      The parties entered into a contract, and

    (2)      **[the defendants breached the contract] [the defendants breached the contract by not remitting to the plaintiffs the 35% of the proceeds from the Honda license agreement to which the plaintiffs claim they are entitled]**, and

    (3)      the Plaintiffs had substantially performed their duties due under the contract at the time of Defendants' breach.

3.      BREACH. A contract is breached when one party fails or refuses to perform its duties under the contract.

Ohio Jury Instructions, CV 501.01

4.      DEFINITION OF CONTRACT. A "contract" is an agreement or obligation, whether verbal or written, in which one party becomes bound or obligated to another to pay a sum

---

[7] Plaintiffs' position is that the burden of proof on their claim for breach of contract is by a preponderance of the evidence, as this Court held during the first trial in this matter.  OJI-CV 501.01 expressly states that the burden of proof is a preponderance (or "by the greater weight of the evidence"), and there is no distinction made in OJI for a claim of breach based upon an oral contract.  Defendants arguments in favor of the clear and convincing standard of proof are set forth in their Trial Brief.

of money or to perform or omit to do a certain act or acts. It is not necessary that the parties use any particular words, perform any particular acts, or use any particular form of agreement in order to create a contract.

5.    FORMATION. In order to form a contract, the parties must mutually consent to the agreement or obligation undertaken by them. Mutual consent arises out of the intent of the parties as shown by the reasonable meaning of their words and conduct, and not from any unexpressed intention or understanding of either party. In deciding whether there was mutual consent, you should consider not only the words and conduct of the parties, but also the circumstances under which the words were used and the conduct occurred.

Ohio Jury Instructions, CV 501.03

6.    OFFER.  Mutual consent may occur through an offer and acceptance.  The plaintiff claims that the plaintiff made an offer that was accepted by the defendant.  An offer indicates a willingness to enter into a bargain, so that a reasonable person would understand that their consent to that bargain is invited and will conclude it.

7.    ACCEPTANCE.  The plaintiffs claim that the defendant accepted the offer made by the plaintiff.  Acceptance may be made by word, sign, writing, or act.  Unless the offer indicates that a particular manner of acceptance is required, an offer can be accepted in any manner that is reasonable under the circumstances.  However, where a particular manner of acceptance is required by the offer, an acceptance made in some other manner is not effective to establish mutual consent.

Ohio Jury Instructions, CV 501.01

8.    INTENT OF THE PARTIES. You will decide the intention of the parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all of the facts and circumstances in evidence surrounding the contract, and the

reasonableness of the respective interpretations offered by the parties. You will decide their intention by giving the words of the contract their plain, ordinary and reasonable meaning, unless the facts and circumstances in evidence surrounding the contract indicate that the parties intended a different meaning. You are not to decide the parties' intent from any unexpressed intention or understanding of either party. Words that have acquired a particular meaning in the trade in which the parties are engaged will normally be given that meaning.

Ohio Jury Instructions, CV 501.01

9.      CONCLUSION FOR PLAINTIFFS.  If you find by **[clear and convincing evidence] [the greater weight of the evidence]** that the plaintiffs have proved all elements of their claim, then you must further decide whether the defendants' breach caused the plaintiffs to suffer any damages and, if so, in what amount.

10.      CONCLUSION FOR DEFENDANTS.  If you find that the plaintiffs failed to prove any part of their claim, then you will find for the defendants.

Ohio Jury Instructions, CV 501.33

11.      DAMAGES GENERAL.  If you find by **[clear and convincing evidence] [the greater weight of the evidence]** that a contract existed and that defendants breached the contract, plaintiffs are entitled to damages in the amount sufficient to place them in the same position in which they would have been if the contract had been fully performed by the Defendants, to the extent that the damages are reasonably certain and reasonably foreseeable.

12.      LOST PROFITS. Lost profits are calculated by deciding what the plaintiffs were entitled to receive had the contract been performed. You should then add other damages, if any, suffered by the plaintiffs as a result of the breach by the defendants. From this sum you should subtract the amount, if any, that the plaintiffs saved by not having to fully perform the contract.

13.    REASONABLY CERTAIN.  You may only award damages the existence and amount of which are reasonably certain and have been proved to you by the greater weight of the evidence.  You may not award damages that are remote or speculative.

14.    REASONABLY FORESEEABLE/CONTEMPLATION OF THE PARTIES.  You may only award those damages that were the natural and probable result of the breach of the contract or that were reasonably within the contemplation of the parties as the probable result of the breach of the contract.  This does not require that the defendants actually be aware of the damages that will result from the breach of contract so long as the damages were reasonably foreseeable at the time the parties entered into the contract as a probable result of the breach.

15.    CONTEMPLATION OF THE PARTIES – LOST PROFITS. In order to award lost profits claimed by the plaintiffs, you must find that the profits were within the contemplation of the parties at the time the contract was made and that the loss of profits was the probable result of the breach of contract.

### (2)    *Plaintiff's Promissory Estoppel Claim*.

Ohio Jury Instructions, CV 501.31

1.    PLAINTIFFS' CLAIM: Plaintiffs claim that the Defendants are prevented or estopped from denying the [contract] **[alleged oral contract from the fall of 2012 in which Plaintiffs claim that the parties agreed to a 65/35 split of the proceeds from the Honda license agreement],** based on promissory estoppel. Defendants deny that any contract existed and also deny that there has been any promise that would prevent or estop them from denying that an alleged contract existed.

2.      PROOF OF CLAIM:  In order to find promissory estoppel, you must find by **[clear and convincing evidence]**[8] **[the greater weight of the evidence]** that:

(1)      The Defendants promised Plaintiffs that the parties would split the proceeds from the Honda transaction, with Plaintiffs receiving 35-percent, and Defendants receiving 65 percent, and,

(2)      Plaintiffs relied upon Defendants' promise, and,

(3)      the Plaintiffs' reliance on Defendants' promise was reasonable and foreseeable, and,

(4)      Plaintiffs were damaged by their reliance on Defendants' promise when they continued to work with Defendants on the Honda project. *MMK Group, LLC v. Sheshells Company, LLC*, 591 F.Supp.2d 944 (N.D. Ohio 2008)

3.      CONCLUSION  FOR  PLAINTIFFS.   If  you  find  by  **[clear and convincing evidence] [the greater weight of the evidence]** that the plaintiffs have proved their claim for promissory estoppel, then you must determine what injury was suffered by the plaintiffs, and the amount of compensation that should be awarded for the injury. **[If you find for plaintiffs on their claim for promissory estoppel, they are entitled to be awarded as damages either the damages that plaintiffs have suffered based upon their reliance on defendants' promise, or the amount that plaintiffs expected to receive had defendants kept their promise, including lost profits]**.[9]

---

[8] Plaintiffs' argument in support of the preponderance standard is set forth in their Trial Brief, including the Sixth Circuit's indication that is in agreement with this burden of proof.  *Grassi v. Grassi*, No. 20-3558, 2021 U.S. App. LEXIS 23181, at *29 (6th Cir. Aug. 3, 2021).  Further, OJI-CV 501.31(2) provides that the burden of proof is "by the greater weight of the evidence." Defendants' arguments in support of the clear and convincing standard of proof are set forth in their Trial Brief.

[9] *ZBS Indus. v. Anthony Cocca Videoland*, 93 Ohio App.3d 101, 107 (8th Dist. 1994); *Bluegrass Ctr. v. United States Intec, Inc.*, 49 Fed. Appx. 25, 35 (6th Cir. 2002). Plaintiffs contend that the Sixth Circuit expressly held that Plaintiffs' claim for promissory estoppel should proceed to trial,

4.      CONCLUSION FOR DEFENDANTS.  If you find that the plaintiffs failed to prove any part of their claim by clear and convincing evidence, then you will find for the defendants.

**(3)      _Plaintiffs' Trade Secret Misappropriation Claim_.**

Ohio Jury Instructions, CV 537.11; Ohio Rev. Code 1333.61 _et.seq_

1.      GENERAL.  The plaintiffs claim that the defendants misappropriated their trade secrets. Defendants deny that Plaintiffs owned any trade secrets on their own, and also deny that there was any misappropriation of trade secrets.

2.      PROOF OF CLAIM.  Before you can find for the plaintiffs you must find by the greater weight of the evidence that:

(1)      The plaintiffs owned a trade secret; and

(2)      The defendants' acquired the plaintiffs' trade secret by improper means; and

(3)      The plaintiffs suffered **[actual loss proximately caused by] [damages as a result of]** the misappropriation.

3.      **[PLAINTIFFS' OWNERSHIP OF TRADE SECRETS.  Before you can conclude that plaintiffs met their burden with regard to element 1, that plaintiffs own a trade secret, you must find and indicate on the verdict form that one or more of the below is a trade secret developed and owned independently and exclusively by Plaintiffs, and without any input from or cooperation with Defendants:**

(1)      **"A process for [wording to be provided]";**

(2)      **"A process to [wording to be provided]"**

---

and this is the appropriate measure of damages on their claim for promissory estoppel. Defendants oppose this portion of the instruction.  In affirming the trial court's dismissal of plaintiffs' unjust enrichment claim, the Sixth Circuit stated that no reasonable jury could find that Plaintiffs "suffered any detriment, much less a substantial one, as a result of their efforts." _Grassi v. Grassi_, No. 20-3358, 2021 WL 3355475, *5 (6th Cir. Aug. 3, 2021).

(3)     **"[wording to be provided]"**

(4)     **"A process for [wording to be provided]"[10]**

Ohio Jury Instructions, CV 537.11; Ohio Rev. Code 1333.63(A)

4.      CHARACTERISTICS OF A TRADE SECRET. To answer yes to whether any of these were trade secrets of the plaintiffs, consider the following characteristics of a trade secret:

(1)     TRADE SECRET.  "Trade secret" means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement that satisfies all of the following:

1.      The information derives independent economic value, actual or potential, from:

a.      Not being generally known to other persons who can obtain economic value from its use; and

b.      Not being readily ascertainable by proper means by other persons who can obtain economic value from its use; and

2.      The information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

---

[10] *See Hildreth Mfg., L.L.C. v. Semco, Inc.*, 151 Ohio App.3d 693; 785 N.E.2d 774; 2003 -Ohio-741 (3rd Dist. 2003).  Defendants assert that, in order to succeed on a misappropriation claim, the Plaintiffs must be able to identify in words the specific trade secrets that they claim were misappropriated.  Without some definition of the alleged trade secrets, the jury cannot make a reasonable evaluation of plaintiffs' allegation that they independently invented and own the trade secrets that they claim to have been misappropriated.  Plaintiffs assert that a detailed jury instruction of this nature is not required, and that the previous instruction sufficiently addresses the elements of their trade secret claim.

(2)     TRADE SECRET FACTORS.  In deciding whether the information at issue satisfies the definition of "trade secret," you may consider any or all of the following factors:

1.    The extent to which the information is known outside of the business;

2.    The extent to which the information is known to those inside of the business, such as by the employees;

3.    The precautions taken by the plaintiff to guard the secrecy of the information;

4.    The value to the plaintiff in having exclusive possession of the information;

5.    The amount of effort or money expended by Plaintiffs in obtaining and developing the information; and

6.    The amount of time and expense it would take for others to acquire and duplicate the information.

(3) REASONABLE EFFORTS.  The plaintiffs are required only to take reasonable active steps under the circumstances to protect the trade secret(s). This does not require absolute secrecy or that the plaintiffs use all conceivable efforts to maintain secrecy.  **[A limited disclosure to third parties, including actual or potential customers and alpha testers, suppliers or vendors, for a limited purpose, does not result in the loss of trade secret protection because the**

holder of a trade secret may disclose it to another in confidence and under an implied obligation not to use or disclose it.][11]

(4) [REASONABLE MEASURES TO PROTECT SECRECY. Plaintiffs must show they took reasonable measures to protect the secrecy of their trade secrets. The Plaintiffs are required only to take reasonable active steps under the circumstances to protect the trade secrets.  This does not require absolute secrecy or that the plaintiffs use all conceivable efforts to maintain secrecy.  There is no precise definition of what "reasonable measures" are; what is reasonable depends on the situation. Factors you may consider in evaluating whether Plaintiffs took reasonable measures to protect the secrecy of their trade secrets include

1. Whether Plaintiffs made it a practice to inform their employees or others involved with their business that the information was a trade secret and/or was to be kept confidential;

2. Whether Plaintiffs required employees or others involved with their business to sign confidentiality agreements regarding the information or agreements not to compete in areas that could use the information;

3. Whether Plaintiffs restricted access to the information on a "need to know" basis; and

---

[11] Defendants object to this language because it is overly-confusing and there is not enough evidence to suggest that there was the requisite confidentiality that would support the use of this language.

4.  **Whether Plaintiffs generally maintained tight security to protect the alleged trade secret, and did not voluntarily disclose it to others, except in confidence].[12]**

5.    MISAPPROPRIATION.  Consider these definitions in deciding whether plaintiffs have met their burden of proof on their trade secrets misappropriation claim.

(1)    MISAPPROPRIATION.  "Misappropriation" means the use of another's trade secret by a person who lacked the express or implied consent of that person <u>and</u> who:

1.    Used improper means to acquire knowledge of the trade secret; or

2.    Knew or had reason to know, at the time of the use, that the trade secret that the person acquired was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

(2)    PERSON.  "Person" includes an individual, corporation, business trust, estate, trust, partnership, association, and governmental entities.  A limited liability corporation also constitutes a "person" under Ohio's Uniform Trade Secrets Act. *Dexxon Digital Storage, Inc. v. Haenszel*, 161 Ohio App.3d 747, 2005-Ohio-3187 (Ohio Ct. App. 5th Dist. 2005).

---

[12] *See Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 301-03 (6th Cir. 2008); *Hoffman-La Roche, Inc. v. Yoder*, 950 F. Supp. 1348, 1360-64 (S.D. Ohio 1997).  Plaintiffs' position is that OJI-CV 537.11(5) is consistent with Plaintiffs' language. Defendants object to this proposed instruction from Plaintiffs because these factors are not listed on the official Ohio Jury Instructions, and neither of these cases explicitly state that these are the factors that should or must be considered by a jury when determining whether a party took reasonable measures to protect the secrecy of their trade secrets.

(3)    IMPROPER  MEANS.  "Improper  means"  includes  theft,  bribery, misrepresentation, a breach of a duty to maintain secrecy, inducement of a breach of a duty to maintain secrecy, or spying through electronic or other means.  This can include otherwise lawful conduct that is improper under the circumstances.  **["Improper means" does not include discovered information by independent invention or reverse engineering.  Reverse engineering is starting with a known product and working backward to find the method by which it was developed.][13]**

(4)    **[WRONGFUL USE OR DISCLOSURE OF TRADE SECRETS.  You must determine whether Defendants wrongfully used or wrongfully disclosed the trade secret in question. If the owner of a trade secret discloses information for a limited purpose that is known to the recipient at the time of disclosure, the recipient is ordinarily bound by the limitation unless the recipient has indicated an unwillingness to accept the disclosure on such terms.  Thus, any use or disclosure by a defendant who has acquired a trade secret by improper means is wrongful.][14]**

(5)    **[MISAPPROPRIATION MAY BE ESTABLISHED BY INDIRECT OR CIRCUMSTANTIAL EVIDENCE. A plaintiff can, and in most**

---

**[13] Plaintiffs' position is that this additional language is not necessary under the facts of this case, as reverse engineering is not at issue.  Defendants' position is that this language comes directly from OJI and is necessary and appropriate for this case.**

**[14] See Restatement (Third) of Unfair Competition § 41 cmt. B (1995); OJI-CV 537.11(9); *USM Corp. v. Tremco, Inc.*, 719 F.Supp.1140, 1142 (N.D. Ohio 1988).  Defendants object to this proposed language because it is confusing and it is not in OJI.**

cases must, rely on circumstantial and/or indirect evidence to establish misappropriation of trade secrets and that direct evidence is not necessary. This is because misappropriation parties rarely keep direct evidence of their use ready for another party to discover. Thus, once evidence of access and similarity is proffered, it is entirely reasonable for the jury to infer that defendant used plaintiff's trade secret][15]

Ohio Jury Instructions, CV 313.01

6.     CONCLUSION.  If you find that the plaintiffs proved each part of their claim by a preponderance of the evidence with regard to any of the above alleged trade secrets, then you must find for the plaintiffs as to that trade secret.  You must then decide what damages, if any, were proximately caused by the defendants' conduct.  If you find that the plaintiffs failed to prove any part of their claim by a preponderance of the evidence, then your verdict must be for the defendants.

Ohio Jury Instructions, CV 405.01

7.     PROXIMATE CAUSE.  "Proximate cause" is an act or failure to act that in the natural and continuous sequence directly produced the damages and without with the damages would not have occurred.

Ohio Jury Instructions, CV 537.11

---

[15] See *Stratienko v. Cordis Corp.*, 429 F.3d 592, 600-01 (6th Cir. 2005); *Novus Grp., LLC v. Prudential Fin., Inc.*, Case No. 2:19-cv-208, 2019 U.S. Dist. LEXIS 161270, at *24 (S.D. Ohio Sept. 17, 2019); *Handel's Enters. v. Schulenburg*, Case No. 4:10-cv-408, 4:18-cv-2094, 2020 U.S. Dist. LEXIS 12895, at *24 (N.D. Ohio Jan. 27, 2020) (Barker, J.).  Defendants object to this proposed language as it is prejudicial to Defendants and it is not in OJI.

8.     COMPENSATORY DAMAGES.  If you find that the defendants misappropriated the plaintiffs' trade secrets, the plaintiffs are entitled to recover compensatory damages consisting of [the actual loss to plaintiffs or a reasonable royalty]:[16]

(1)     [The actual loss to the plaintiffs caused by the misappropriation; and

(2)     The unjust enrichment to the defendants caused by the misappropriation that is not taken into account in computing actual loss.]

9.     ACTUAL LOSS.  "Actual loss" means the plaintiffs' lost profits.

10.     REASONABLE ROYALTY.  If you decide that the compensatory damages provided by actual loss and unjust enrichment are insufficient under the circumstances, you may then consider an award of damages based on a reasonable royalty as an alternative.  You may not issue an award based on actual loss and unjust enrichment plus a reasonable royalty.  A royalty is a license to use the trade secret and measures the value of the trade secret to the defendants at the time that it was misappropriated, regardless of the commercial success of the enterprise.  A reasonable royalty can only be awarded for the defendant's past conduct, not for future conduct.[17] You should calculate what the parties would have agreed to as a fair price for licensing the defendants to put the trade secret to the use the defendants intended at the time the

---

[16] The "actual loss" and "reasonable royalty" language come directly from OJI.  Ohio Jury Instructions, CV 537.11.  Defendants removed the "unjust enrichment" instruction because the Court previously granted defendants summary judgment on plaintiffs' unjust enrichment claim and the Sixth Circuit affirmed.  *Grassi v. Grassi*, No. 20-3358, 2021 WL 3355475, *5 (6th Cir. Aug. 3, 2021).  Moreover, the damages figure cannot be based upon a gross revenue amount, such as the claim that the trade secrets statute would entitle Plaintiffs to 35% of the Honda agreement revenues.  *MNM & MAK Enterprises, LLC v. HIIT Fit Club, LLC,* 134 N.E.3d 242, 252 (Ohio App. 10 Dist. 2019) (emphasis added).  Plaintiffs' position is that regardless of this Court's prior rulings on their independent claim for unjust enrichment, the unjust enrichment language is taken directly from Ohio Rev. Code § 1333.63(A), and is therefore proper as relates to the misappropriation of trade secrets claim.

[17] Ohio Jury Instr. Comment 537.11*;* Ohio Rev. Code. § 1333.63(B).

misappropriation took place.  The royalty must be fair and reasonable under the circumstances, and you should consider the loss to the plaintiffs, the benefit to the defendants, or both, for Defendants' alleged unauthorized use of Plaintiffs' trade secrets.

11.     **[COMPENSATORY DAMAGES: FLEXIBILITY IN COMPUTATION. In trade secret cases, courts allow significant flexibility in computing damages. In a claim for trade secret theft, defendants that take trade secrets have corrupted the marketplace, as defendants have gained an indisputable advantage when they use a plaintiff's trade secrets to create a competing product. Because the marketplace has been altered, calculating damages with specificity may be difficult.  Thus, a trade-secret plaintiff need only establish with a reasonable degree of certainty that some damage occurred, and a relaxed burden of proof applies to ascertainment of the amount of damages. The risk of uncertainty falls to the wrongdoer, not the injured party. The wrongdoer is not entitled to complain that damages cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise.][18]**

12.     **[PUNITIVE DAMAGES.  If you find that Plaintiffs are entitled to compensatory damages as a result of Defendants' misappropriation of trade secrets, you may also consider an award of punitive damages.  The purposes of punitive damages are to punish the offending party and to deter others from doing the same.  You may decide that**

---

[18] See *Univ. Computing v. Lykes-Youngstown Corp.*, 504 F.2d 518, 538 (5th Cir. 1974); *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1120 (Fed. Cir. 1996); *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113-civ, 2007 WL 3232274, at *10 (S.D. Fla. Oct. 31, 2007).  Defendants object because the language is not in OJI, the cases cited are all outside of the jurisdiction and do not support the requested instruction, and defendants' compensatory damages instructions are adequate.

Defendants are liable for punitive damages in an amount up to three times the award of compensatory damages if you find by clear and convincing evidence that:

(1)  Defendants' actions demonstrated malice, aggravated or egregious fraud, oppression or insult; and

(2)  Plaintiffs have presented proof of actual damages that resulted from those actions of Defendants.

Malice includes conscious disregard for the rights of others that has a great probability of causing substantial harm to those rights. Malice does not require, however, an intent to injure. The element of malice can be established by proof of conscious, deliberate, or intentional wrongdoing, or by showing that the defendant has a conscious disregard for the rights of other persons.][19]

---

[19] See 1 OJI-CV 315.37; 1 OJI-CV 537.11(19); R.C. 1333.63(B); *Magical Farms, Inc. v. Land O'Lakes, Inc.*, Case No. 07-3568, 2009 U.S. App. LEXIS 26468, at *7 (Fed. Cir. Nov. 9, 2009) (citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638, 635 N.E.2d 331 (1994)); *Avery Dennison Corp. v. Four Pillars Ent. Co*., 45 Fed. Appx. 479, 489 (6th Cir. 2002) (citing *Malone v. Courtyard by Marriott Ltd. Partnership*, 74 Ohio St.3d 440, 659 N.E.2d 1242, 1247-48 (Ohio 1996)).  Plaintiffs' position is that the jury instruction on punitive damages in included in OJI 537.11(19), and the comment to the instruction cites to Ohio case law and provides:  "Although R.C. 1333.63 states that the court may award punitive damages, the Committee believes that the issue of punitive damages may be a jury issue.  *Newark Group, Inc. v. Sauter*, S.D. Ohio No. C2: 01-CV-1247 (Mar. 26, 2004); *Zoppo v. Homestead Ins. Co*., 71 Ohio St.2d 552, 1994-Ohio-461.  Defendants object to a punitive damages instruction. First, plaintiffs did not make "willfulness" a part of their case insofar as it was not addressed in plaintiffs' damages interrogatory responses during the discovery period, and thus was not identified as a scope of discovery.  Second, the judge, not the jury, would need to determine the amount of punitive damages under the plain language of R.C. § 1333.63(B), which states that "*the court*" may award punitive damages if willful and malicious appropriation exists.  Indeed. R.C. § 1333.63(B) "allows a trial court to impose punitive damages in the case of a willful and malicious misappropriation of trade secrets." *Phoenix Lighting Grp. LLC v. Genlyte Thomas Grp*. LLC, 2018-Ohio-2393, ¶ 76. "In light of the 'may award' language used, the decision whether to award punitive damages rests within the trial court's discretion, and its decision will not be reversed on appeal absent an abuse thereof." *Id*. (citing *InfoCision Mgt. Corp v. Donor Car Center, Inc*., 9th Dist. Summit No. 27034, 2016-Ohio-789, ¶ 33) (internal citations and quotations omitted); *Becker Equip.,*

      **B.**    **Defendants' Claim.**[20]

**III.**    **STIPULATIONS**[21]

    **A.**    **[The Court has found, as a matter of law, that Charles Rizzuti does not have any claim to either additional monetary payments from Alotech or any ownership stake in Alotech.  (ECF No. 36, p. 31).**

    **B.**    **Between 2008 and 2017, Alotech paid Michael Grassi approximately $600,000 individually, and paid CFOM approximately $735,000 for its equipment and services.**

**C.**    **There is no written agreement pursuant to which John Grassi and Michael Grassi mutually agreed to split the proceeds that Alotech received from the Honda agreement on a 65/35 basis].**

**IV.**    **GENERAL INSTRUCTIONS - FINAL.**

Ohio Jury Instructions, CV 207.33

    1.    GENERAL.  The court has given you the instructions on the law applicable to this case.  I will now instruct you on how to conduct your deliberations and prepare your verdict(s).

    2.    SELECTION OF FOREPERSON.  When you go to the jury room, your first function will be to select one of your number to serve as a foreperson.  The person you select to preside over your deliberations does not have any greater power, nor does that person's vote have any more importance than others.  The foreperson serves the purpose of helping to conduct your

---

*Inc. v. Flynn*, **2004-Ohio-1190, ¶ 11 (finding the decision whether to award punitive damages under § 1333.63(B) rests within the trial court's discretion). Moreover, any claim for willfulness or punitive damages would have to be bifurcated to avoid prejudice to Defendants by forcing them to address those issues before liability is decided.**

[20] Defendants' declaratory judgment claim is a decision for the Court.  The parties have agreed it should not be decided by the jury, and thus should not appear in the jury instructions.  See ORC 2311.04; 22 USC §2201; *See Hildreth Mfg., L.L.C. v. Semco, Inc*., 151 Ohio App.3d 693; 785 N.E.2d 774; 2003 -Ohio- 741 (3rd Dist. 2003); *Precision Strip, Inc. v. Dircksen*, Court of Appeals of Ohio, Third District, Auglaize County. December 14, 2020 Slip Copy 2020 WL 7332571 2020-Ohio-6668.

[21] Plaintiffs object to any stipulations appearing in the jury instructions generally, and object to these stipulations proposed by defendants.

deliberations in an orderly manner and to give each of you the opportunity to express your opinion. One additional duty of the foreperson is to see to it that the verdict form and any exhibits are returned to the court after you have reached a verdict.

3.       VERDICT FORMS.  I will now read the verdict form(s).

4.       REQUIRED NUMBER TO REACH A VERDICT.  In order to conclude this case, it is necessary that all members of the jury agree upon the verdict.  The members of the jury agreeing upon the verdict must sign their names in ink to the agreed-upon verdict form.

5.       DELIBERATIONS AND VERDICT.  You are warned not to discuss the status of your deliberations with anyone outside of the jury room nor are you to discuss the status of your deliberations with anyone outside of the jury room nor are you to discuss your verdict with anyone other than your fellow jurors until it has been returned to the court.

6.       VERDICT SIGNED.  When you have reached and signed a verdict, you will summon the bailiff who will return you to the courtroom at which time your verdict will be announced.

Ohio Jury Instructions, CV 207.35

7.       The court cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in light of and in harmony with all the instructions.

8.       The court has instructed you on all the law necessary for your deliberations. Whether certain instructions are applicable may depend upon the conclusions you reach on the facts by a greater weight of the evidence.  If you have an impression that the court has indicated how any disputed fact should be decided, you must put aside such an impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom.

9.    SYMPATHY.  Circumstances in the case may arouse sympathy for one party or the other.  Sympathy is a common human emotion.  The law does not expect you to be free of such normal reactions.  However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

10.    JUST VERDICT.  You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions of law to your findings, and to render your verdict accordingly.  Your duty as jurors is to arrive at a fair and just verdict.

11.    INITIAL CONDUCT.  Your initial conduct upon commencing deliberations is important.  It is not wise to express immediately a determination or to insist upon a certain verdict.  Having so expressed yourself, your sense of pride may be aroused, and you may hesitate to give up your position even if shown that it is not correct.

12.    INDIVIDUAL JUDGMENT.  Consult with one another in the jury room, and deliberate with a view to reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself.  You should do so, however, only after a discussion of the case with the other jurors.  Do not hesitate to change an opinion of convinced that it is wrong.  However, you should not surrender your considered opinions in order to be congenial or to reach a verdict solely because of the opinion of other jurors.

Ohio Jury Instructions, CV 207.37

13.    JURY HAS A QUESTION.  If you have a question, it should be discussed in the privacy of the jury room.  It should be reduced to writing so that there will be no misunderstanding as to what is requested. It should not reflect the status of your deliberations.

14.     UNDEFINED TERMS.  Where a term has not been defined for you, you must give that term its common and ordinary meaning.

<u>Ohio Jury Instructions, CV 207.39</u>

15.     The court will place in your possession the exhibits and the verdict form(s).  The foreperson will retain possession of these records, including the verdict form(s), and return them to the courtroom.  Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.

16.     You will now retire.  First, select a foreperson and whenever all members of the jury agree upon the verdict, you will complete and sign the verdict in ink, and advise the bailiff. You will then be returned to the courtroom.