**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL GRASSI, et al.,** <br><br> **Plaintiffs,** <br> **-vs-** <br><br> **JOHN GRASSI, et al.,** <br><br> **Defendants.** | **CASE NO. 1:18-CV-02619** <br><br> **JUDGE PAMELA A. BARKER** <br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendants-Counterclaimants John Grassi's and Alotech Limited, LLC's (collectively, "Defendants") Motion for Reimbursement filed on May 30, 2022 ("Defendants' Motion"). (Doc. No. 135.) Plaintiffs-Counterclaim Defendants Michael Grassi and CFOM, Inc. (collectively, "Plaintiffs") filed a Memorandum in Opposition to Defendants' Motion on June 6, 2022. (Doc. No. 138.)

For the following reasons, Defendants' Motion is denied.

## I. Relevant Background[1]

On November 17, 2021, the Court scheduled trial to begin in this matter on May 31, 2022. (Doc. No. 92.) The Court held an in-person Final Pretrial Conference on May 13, 2022. (Doc. No. 119.) On May 20, 2022, Plaintiffs filed a Motion to Continue the Trial Date ("Plaintiffs' Motion to Continue") due to the severely declining health of the father of Plaintiffs' lead counsel, Michael Pasternak, as well as ultimately, Mr. Pasternak's religious obligations following his father's death.

---

[1] The factual background of this matter is set forth in several previous decisions (*see, e.g.*, Doc. Nos. 77, 83, 136) and will not be repeated in full herein. Rather, the Court presumes familiarity with its prior opinions and will provide only facts relevant to the instant Motion.

(Doc. No. 125.) According to Plaintiffs, Mr. Pasternak's father was admitted to the hospital on Saturday, May 14, 2022. (*Id.* at 1; Doc. No. 138-1, ¶ 3.) On Monday, May 16, 2022, Mr. Pasternak contacted Defendants' counsel John Moye to inform him of the situation and to seek cooperation in a motion to continue. (Doc. No. 138-1, ¶ 4.) Mr. Moye did not agree to a continuance. (*Id.*) Over the next two days, Mr. Pasternak's father's condition improved slightly. (*Id.* at ¶ 5.) However, on Thursday, May 19, 2022, Mr. Pasternak's father's condition worsened. (*Id.* at ¶ 6.) That day, Plaintiffs' counsel notified Defendants' counsel that they had not yet moved for a continuance because Mr. Pasternak's father's health had initially improved, but due to his worsening condition, "[P]laintiffs had no choice but to move for a continuance." (*Id.*) Defendants' counsel again refused to consent to a continuance. (*Id.*) The next day, on Friday, May 20, 2022, Plaintiffs' counsel filed their Motion to Continue. (*Id.* at ¶ 7.)

On May 20, 2022, Defendants filed a response in opposition to Plaintiffs' Motion to Continue, arguing that "Defendants have incurred expense in connection with prearranged travel and lodging for parties, counsel, and witnesses for the agreed trial date." (Doc. No. 126 at 1.) Defendants requested that, in the event that the Court granted the continuance, "Plaintiffs be directed to pay any nonrefundable third-party costs and expenses incurred by Defendants as a result of the cancellation of the existing trial date." (*Id.* at 2.) On May 22, 2022, Plaintiffs filed a Reply in Support of their Motion to Continue. (Doc. No. 130.)

On May 23, 2022, the Court conducted a telephonic status conference with counsel, during which the Court granted Plaintiffs' Motion to Continue. (*See* Minutes of Proceedings, Doc. No. 134.) The Court ordered that, in the event Defendants chose to seek reimbursement for nonrefundable third-party costs associated with the continuance, Defendants were to file a motion detailing such request

by May 30, 2022. (Doc. No. 134.) Defendants filed the instant Motion for Reimbursement on May 30, 2022 (Doc. No. 135), which Plaintiffs opposed on June 6, 2022 (Doc. No. 138). Defendants' Motion is now ripe for review.

## II. Analysis

Defendants seek reimbursement in the amount of $3,860.50, stemming from one specific nonrefundable third-party cost. (Doc. No. 135, ¶ 14.) In preparation for trial, Defendants signed a contract for hotel room block reservations for Defendants' attorneys and witnesses. (*Id.* at ¶ 9.) Under the contract, in the event of a cancellation, the hotel would charge Defendants a cancellation fee of $7,721.00. (Doc. No. 135-1, at Ex. 3.) When Defendants notified the hotel of the trial's continuance, the hotel enforced the cancellation fee but offered Defendants the opportunity to rebook the reservation at a later date with 50% of the cancellation fee applied to the cost of the reservation ($3,860.50). (*Id.*; Doc. No. 135, ¶ 13.) Thus, the hotel allowed $3,860.50 of the $7,721.00 cancellation fee to be applied to Defendants' future reservations. (Doc. No. 135, ¶ 13.) Defendants argue that Plaintiffs should reimburse them for the remaining $3,860.50 as "a matter of fairness," because such costs constitute "a loss experienced by Defendants through no fault of their own." (*Id.* at ¶¶ 5, 14.) In particular, Defendants emphasize that Plaintiffs should have to bear the cost of Defendants' monetary loss because "Plaintiffs[ ] did not advise the Court of the father's failing health during the final pretrial, and waited for almost a week after the father was hospitalized, during an intense week of trial preparation for all involved, before bringing this issue to the attention of the court." (*Id.* at ¶ 8.) In support of this argument, Defendants cite a single case, *Vassileva v. City of Chicago*, 2021 WL 7368675 (N.D. Ill. Nov. 22, 2021). (*Id.*)

In response, Plaintiffs argue that Defendants fail to cite to any applicable statutory or other legal authority entitling defendants to the costs they seek, and in fact, no such authority exists. (Doc. No. 138 at 1.) In particular, Plaintiffs argue that 28 U.S.C. § 1927, as cited in *Vassileva*, does not apply here as Plaintiffs' counsel did not engage in vexatious or bad faith conduct in seeking a continuance due to the failing health of Mr. Pasternak's father. (*Id.* at 2-3.) Further, Plaintiffs distinguish the facts in *Vassileva* from the case at hand by arguing that Plaintiffs' counsel could not have advised Defendants of Mr. Pasternak's father's failing health at the Final Pretrial as he had not yet become ill, and Plaintiffs' counsel did not delay in notifying Defendants of the potential for a motion for a continuance once Mr. Pasternak's father did become ill. (*Id.* at 4-5.)

The Court concludes that Defendants' Motion for Reimbursement should be denied. The Court is not convinced that any statutory or other legal authority exists to require Plaintiffs' counsel to reimburse Defendants under these circumstances. First, Defendants' reliance on *Vassileva* is misplaced. In *Vassileva*, the plaintiff filed an Emergency Motion to Continue the Trial the day before trial was set to begin due to the failing health of the plaintiff's counsel's mother. *Vassileva*, 2021 WL 7368675, at *1. The plaintiff's counsel's mother had been sick for approximately six weeks, but Plaintiff's counsel did not notify the court of the issue until she filed the emergency motion. *Id.*; *see also* Doc. No. 138-2. The court granted the continuance but ordered the plaintiff's counsel to pay the "costs incurred that otherwise would not have been [incurred] had [p]laintiff's counsel timely made the Court aware of the potential need for a continuance." *Vassileva*, 2021 WL 7368675, at *2. In so ruling, the court "sanction[ed] Plaintiff's counsel by taxing costs against her for the unsound decision not to inform the Court of a potential for delay, which resulted in unnecessary expenses to Defendant and the Court." *Id.* at *1. Ultimately, the court concluded that, due to the plaintiff's counsel's

unreasonable delay in apprising the court and the defendant of the possibility of the need for a continuance, the plaintiff's counsel was required to compensate the defendant for certain nonrefundable costs associated with the video deposition of a witness who was unavailable for the original trial date, as well as the cancellation fee for a court interpreter. *Id.* at *2.

In sanctioning the plaintiff's attorney for certain nonrefundable trial fees, the *Vassileva* court relied on 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

According to the Sixth Circuit:

> Section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987). The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230–31 (6th Cir. 1986). A sanctioned attorney is thus required to personally satisfy the excess costs attributable to his misconduct.

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* Such sanctions are punitive. *Id.* at 647.

Section 1927 does not apply to Plaintiffs' counsel conduct in this case. In *Vassileva*, the court sanctioned the plaintiff's attorney because she sought a continuance the day before trial, even though she knew her mother was gravely ill for six weeks. *Vassileva*, 2021 WL 7368675, at *1. Conversely,

here, Plaintiffs' counsel sought a continuance on May 20, 2022, eleven days before trial, and only six days after Mr. Pasternak's father became ill. (Doc. No. 138-1, ¶¶ 3, 7.) Additionally, after Mr. Pasternak's father became ill on Saturday, May 14, 2022 (the day after the Final Pretrial), Plaintiffs' counsel notified Defendants' counsel of Mr. Pasternak's father's health condition and asked for Defendants' counsel's cooperation in the seeking of a continuance the very next business day, on Monday, May 16, 2022. (*Id.* at ¶¶ 2-4.) Over the next two days, between May 17, 2022 and May 18, 2022, Mr. Pasternak's father's condition improved slightly. (*Id.* at ¶ 5.) However, on Thursday, May 19, 2022, his condition worsened, and Plaintiffs again sought Defendants' counsel's consent to a continuance, which was refused. (*Id.* at ¶ 6.) The next day, Plaintiffs filed their Motion to Continue. (*Id.* at ¶¶ 5-6.)

Thus, unlike the conduct described in *Vassileva*, Plaintiffs' counsel's conduct in nearly immediately notifying Defendants' counsel of Mr. Pasternak's father's condition and then filing a Motion to Continue four days later is not sanctionable conduct. There is no evidence that Plaintiffs' counsel "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." *See* 28 U.S.C. § 1927. Nor is there any evidence that Plaintiffs' counsel "intentionally abuse[d] the judicial process or knowingly disregard[ed] the risk that his actions [would] needlessly multiply proceedings." *See Red Carpet Studios*, 465 F.3d at 646. Rather, due to incredibly unfortunate circumstances, Plaintiffs' counsel sought a continuance that even the Defendants do not dispute was improper. (*See* Doc. No. 135, ¶ 5 ("Defendants do not suggest that the Court should have reached a different decision on the motion for continuance.").)

Further, the Court determines that there is no evidence that Defendants incurred additional costs as a result of the six-day delay between the onset of Mr. Pasternak's father's illness and

Plaintiffs' filing of their Motion to Continue. The *Vassileva* court only ordered the plaintiff's counsel to pay the "costs incurred **that otherwise would not have been had Plaintiff's counsel timely made the Court aware of the potential need for a continuance**." *Vassileva*, 2021 WL 7368675, at *2 (emphasis added). Here, Defendants' counsel does not provide the Court with the contract for the hotel room block reservations, nor do they indicate when they signed the contract for the hotel room block. (*See* Doc. No. 135.) Presumably, Defendants' counsel reserved these rooms before Plaintiffs' counsel put them on notice that Plaintiffs might be forced to seek a continuance due to Mr. Pasternak's father's rapidly deteriorating health. There is no evidence that Defendants incurred these costs during the time period in which they argue Plaintiffs' counsel could have sought, but did not seek, a continuance.[2]

## III. Conclusion

For the reasons set forth above, Defendants' Motion for Reimbursement (Doc. No. 135) is hereby DENIED.

**IT IS SO ORDERED.**

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: October 19, 2022

[2] The Court need not address the various other statutes Plaintiffs cite as possibilities for the awarding of costs (*see* Doc. No. 138 at 1-2), as Defendants do not, in fact, cite to those statutes, and as Plaintiffs argue, those statutes only award costs to a prevailing party. Defendants are not a prevailing party under these circumstances.