IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL GRASSI and CFOM, INC., | ) |
|     Plaintiffs-Counterclaim Defendants, | ) Case No.   1:18-CV-2619 |
| v. | ) JUDGE PAMELA BARKER |
| JOHN GRASSI and ALOTECH LIMITED, LLC, | ) |
|     Defendants-Counterclaimants. | ) |

**DEFENDANTS-COUNTERCLAIMANTS' MOTION REQUESTING FINAL PRETRIAL**

John Grassi and Alotech Limited, LLC ("Defendants") hereby respectfully request that the Court hold a final pretrial conference, in person, by video, or by phone, to address certain outstanding procedural and evidentiary issues prior to the December 5 start of trial in this matter.

On June 3, 2022, this Court issued a Civil Trial Order in the captioned case, setting a December 5, 2022 trial date. (Doc. No. 137).  The Order did not include a date for a final pretrial, but stated:  "If the parties determine an additional Final Pretrial Conference is needed, they are directed to contact the Court and an additional Final Pretrial Conference will be scheduled."  (*Id*., p. 1).

Through counsel, Defendants contacted counsel for Plaintiffs Michael Grassi and CFOM, Inc. ("Plaintiffs") and explained that they believed a final pretrial was warranted and would be helpful to the parties as they make final preparations for trial.  Plaintiffs were asked if they would like to join in requesting a final pretrial, and were asked for available dates.  Defendants proposed asking for a date as soon as this Friday, November 18, 2021, which is just prior to the date on which objections to witnesses and exhibits are due.  Plaintiffs responded that they are not available this

Friday. Defendants asked Plaintiffs for alternative dates to hold a pretrial conference but Plaintiffs have not yet provided any. Accordingly, Defendants submit this motion, respectfully asking the Court to schedule a final pretrial conference.

The specific procedural and evidentiary issues that Defendants would like to address in a final pretrial are as follows:

First, on November 4, 2022, Plaintiffs provided Defendants with a list of new Plaintiffs' exhibits numbered 270 – 342. Having reviewed these materials, Defendants have determined that Plaintiffs' revised list of proposed exhibits includes numerous documents never before produced by Plaintiffs in discovery or supplementation and not listed on Plaintiffs' prior exhibit list, contrary to the Court's ruling on Defendant's Fourth Motion *in Limine*. (Doc. No. 136). The proposed new exhibits are numbered from 270 – 342, but many include multiple documents and various email strings that are "batched" together as single exhibits. If these batch exhibits are pulled apart to properly function as trial exhibits, the Plaintiffs' proposed new exhibits would number even more than the over 70 new exhibits on Plaintiffs' list. Plaintiffs also have substituted new exhibits for some of their previously numbered exhibits. Plaintiffs used several of these new documents during the September 2022 trial deposition of Dr. John Campbell. Defendants planned to address those several new exhibits in their objections, which are due November 21. (*See* Doc. No. 137, p. 3). However, given the volume of materials now at issue, Defendants seek to have this matter addressed in advance of trial—both to address the new exhibits and to avoid further "new," unproduced documents that Plaintiffs may attempt to use during trial.

Second, Defendants seek guidance from the Court on the issue of over 1,055 privileged communications of Defendants that are currently in Plaintiffs' possession. A number of these documents were identified as trial exhibits by Plaintiffs. Defendants will appropriately provide

objections to same. However, the larger question underlying Defendants Sixth Motion *in Limine* to exclude admission of, and testimony about, those approximately 1,055 privileged communications (including those communications now identified as exhibits) was held in abeyance by the Court in ruling on the Motions *in Limine*. (Doc. No. 136, p. 21). Defendants respectfully request that the Court address this issue in advance of trial, given the volume of materials and the potential for delay during trial. Defendants will be prepared to address this issue further with the Court.

Finally, Defendants have proposed a procedural protocol to Plaintiffs to further streamline the parties' presentations at trial and to avoid unnecessary procedural challenges in front of the jury, consistent with the Court's rulings at the May 2022 pre-trial conference. Defendants would like to discuss that proposed protocol with the Court and Plaintiffs.

For these reasons, Defendants request that the Court schedule a final pretrial conference. The legal and procedural issues to be discussed do not require the presence of the parties. Accordingly, Defendants request that the parties be excused from participating.

Respectfully submitted,

*/s/ Suzanne Bretz Blum*
Suzanne Bretz Blum (0047231)
Brouse McDowell
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
P: (216) 830-6830 / F: (216) 830-6807
sblum@brouse.com

*/s/ John M. Moye*
John M. Moye (GA Bar 685211)*
Barnes & Thornburg LLP
3475 Piedmont Road, Suite 1700
Atlanta, Georgia 30305
P: (404) 264-4006 / F: (404) 264-4003
jmoye@btlaw.com

*/s/ Cole Ramey*
Cole Ramey (TX Bar No. 16494980)*
Kilpatrick Townsend & Stockton, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100 / F: (214) 922-7101
cramey@kilpatricktownsend.com

*/s/ Steven Moore*
Steven Moore (CA Bar No. 290875)*
Kilpatrick Townsend & Stockton, LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
P: (415) 273-4741 / F: (415) 651-8510
smoore@kilpatricktownsend.com

\* Admitted *Pro Hac Vice*
*Counsel for Defendants*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 16th day of November, 2022, I electronically filed the foregoing via the Court's ECF system. I further certify that counsel of record for Plaintiffs is a registered ECF user and that service will be accomplished by the ECF system.

>*/s/ Suzanne Bretz Blum*
>*Counsel for Defendants*