IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Michael Grassi, et al.,**                    Case No. 1:18-cv-02619-PAB

                **Plaintiffs,**
   -vs-
                                    JUDGE PAMELA A. BARKER

**John Grassi, et al.,**
                                           ORDER
                **Defendants.**

     The Court has conducted an in-camera review of Defendants' proposed Trial Exhibits that include redactions made by Defendants on the basis of attorney-client privilege.  Specifically, Defendants provided the Court with unredacted versions of Exhibits 63, 65, 157, 193, 195, 196, 201, 202, 347, 358, 361, 377, and 399.  Plaintiffs object to the redactions, arguing that they are overreaching and in disregard of case law, and ask the Court to either bar the exhibits or order Defendants to utilize fully unredacted copies of the exhibits.

     As produced, Defendants' Exhibit 63 is incomplete.  Upon its review of the initial binder of unredacted exhibits provided to the Court, in conjunction with its review of Defendant's Exhibit 195, the Court finds that Exhibit 63 only includes a portion of an email chain and not the complete email chain.  Therefore, the Court excludes Exhibit 63 on the basis of incompleteness.

     As to Defendants' Exhibits 65, 195, 196, 201, 358, and 399, the Court requires additional briefing by the parties.  Defendants have redacted certain privileged information contained in these exhibits, but have not redacted other seemingly privileged information and/or have included attachments that appear to this Court to be protected by the attorney-client privilege.  To the extent

Defendants are attempting to use certain privileged information in these documents at trial while invoking the attorney-client privilege to redact other portions of the exhibit, the Court requires additional briefing regarding the following issue:  have Defendants waived the attorney-client privilege as to the redacted portions by producing the exhibit to include attorney-client privileged communications?  As to these exhibits, both parties are ordered to submit additional briefing on this issue.  The additional briefing should cite **applicable** case law and be longer than five (5) pages.  This briefing is to be filed by 4:30 p.m. on December 1, 2022.

The redacted portions of Defendants' Exhibits 157, 193, 202, 347, and 377 are protected by the attorney-client privilege and those exhibits are to remain redacted.

As no attachment(s) are included with Defendants' Exhibit 361, the redacted portion of this exhibit is protected by the attorney-client privilege and this exhibit is to remain redacted.

**IT IS SO ORDERED.**

Date: November 30, 2022

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE