IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL GRASSI and CFOM, INC., <br>     Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> JOHN GRASSI, ALOTECH LIMITED, LLC, <br>     Defendants-Counterclaimants. | Case No. 1:18-cv-2619 <br><br> JUDGE PAMELA BARKER |

**DEFENDANTS-COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFFS' BENCH BRIEF CONCERNING ADMISSIBILITY OF DOCUMENTS**

Plaintiffs are so concerned about the unavoidable and consequential meaning of the 2012 Contractor Agreements and 2017 Patent Assignment (the "Assignment Documents"), and the weakness of their claims that they were "forged," that they again raise the non-issue of the format of the Assignment Documents – namely, that they are contemporaneously scanned copies of inked originals rather than inked originals and thus should be excluded. The Court has already ruled on this issue, and Plaintiffs' latest submission is an attempt to get a do-over on that ruling. The appearance of new counsel for Plaintiffs on the eve of trial does not entitle Plaintiffs to revisit any earlier ruling adverse to Plaintiffs. In any event, Plaintiffs' renewed attempt to hide these documents from the jury must again be rejected.

**A. <u>Copies of the Documents Should Not Be Excluded.</u>**

Yet again, Plaintiffs ask the Court to exclude copies of the three Assignment Documents. (Pls.' Bench Br., at 1-5.) But the Court has already addressed the issue of admissibility of the copies and has held that they may be admitted, and Plaintiffs do not even attempt to meet the standard for reconsideration of that ruling. (Doc. No. 136, at 8-10.) Defendants incorporate by

reference all their arguments on this issue in support of their second motion in *limine*.  (Doc. No. 104, at 6-9.)

Plaintiffs incorrectly argue that the Court erroneously placed the burden on them to prove Defendants' bad faith.  (Pls.' Bench Br., at 4.)  Plaintiffs do not cite any caselaw from within the Sixth Circuit addressing the burden under Fed. R. Evid. 1004(a), and for good reason—the law does not support Plaintiffs' argument.  The Sixth Circuit has explained that, under Rule 1004(a), "*[t]he party who is challenging the secondary evidence has the burden of showing that the evidence is inadmissible.*"  *In re Sol Bergman Estate Jewelers, Inc*., 208 F.3d 215 (Table), 2000 WL 263338, at *4 (6th Cir. Feb. 29, 2000) (emphasis added); *see also United States v. Ledbetter*, Nos. 2:15-CR-080, 2:14-CR-127, 2016 WL 1252982, at *6 (S.D. Ohio Mar. 31, 2016) (same)).  "In order to establish loss or destruction [under FRE 1004] the proponent must, at a minimum, prove that he or she conducted a good faith, reasonably diligent search for the written contract and that the search did not uncover the contract."  *In re Oakley*, 397 B.R. 36, 47-48 (Bankr. S.D. Ohio 2008), *aff'd*, 431 B.R. 307 (B.A.P. 6th Cir. 2009).  "Even if the proponent proves loss, *the opposing party may defeat the admission of secondary evidence by showing that the loss resulted from the proponent's bad faith*."  *Id*. at 48 (emphasis added).  Plaintiffs' attempt to shift the burden under Rule 1004(a) is contrary to Sixth Circuit precedent.

In any case, even if Defendants had the burden to prove their own lack of bad faith under Fed. R. Evid. 1004(a), they have met that burden.  The Court properly credited Defendants' good faith explanation of the innocuous comments that Plaintiffs cite as evidence of bad faith.  The

Court's decision to admit copies of the three Documents was not erroneous. (*See* Doc. No. 136, at 9.)[1]

Plaintiffs claim that the "additional evidence of forgery" recited in their bench brief justifies the preclusion of the Assignment Documents. (Pls.' Bench Br., at 6.) Plaintiffs' attempts to challenge Defendants' proper production of documents and metadata are baseless. The affidavit of Ms. Rebecca Griffis, a paralegal involved with production of the documents by Defendants, provides *facts* about these documents. Plaintiffs' swirl of allegations about Defendants' production of the Assignment Documents and related email chains is a misleading attempt to cause doubt about the documents, when the evidence (both direct and circumstantial) supports their authenticity. (*See* Aff. of R. Griffis, attached as Ex. A.)

For instance, Plaintiffs state that "the metadata associated with these PDFs shows that they were *not* created in 2012 or in 2017 . . . Instead, the *earliest of them was created in 2019*." (Pls.' Bench Br., at 3.) This is demonstrably false. For example, Exhibit 196, which consists of the October 25, 2012 e-mail from Dirk Ayers conveying nine (9) different PDFs of the Confidentiality and Work Product Agreement—including one signed by Michael Grassi—contains a "date created" metadata field of *October 25, 2012*. (*See* Ex. A at ¶ 10.) The PDF of the agreement from that date containing Michael Grassi's signature similarly shows an October 25, 2012 creation date:

---

[1] By its plain language, Rule 1004(a) does not preclude the use of copies or duplicates of originals. *See, e.g., United States v. Gerhart*, 538 F.2d 807, 809-10 (8th Cir. 1976) (photocopy properly Assignment as secondary evidence under FRE 1004 in circumstances when original was lost, and there was no showing of bad faith). Rule 1004 "*recognizes no 'degrees' of secondary evidence*." Fed. R. Evid. 1004 Advisory Committee's Note (emphasis added); *see also United States v. McGaughey*, 977 F.2d 1067, 1072 (7th Cir. 1992) ("[A]nything that tends to demonstrate the writing's contents may constitute secondary evidence.").



(*See id*. at ¶ 9.) The June 14, 2017 Patent Assignment likewise shows a date created field of June 14, 2017. (*See id*. at ¶ 12 (discussing Exhibit 307.)) Plaintiffs may not understand metadata or may not know how to read a metadata load file, but that does not entitle them to make false representations to the Court in a groundless attempt to exclude these documents.

  Plaintiffs' submission is replete with other inaccuracies. Plaintiffs state that "the only versions of the work product agreements that Defendants have ever produced were produced as supposed attachments to email chains between Lockwood and Alotech employee Dirk Ayers." (Pls. Bench Br., at 2.) That is not true. Defendants' Exhibits 59 and 64 were produced as stand-alone documents with metadata on or about May 15, 2019. (*See* Ex. A. at ¶ 4.) They were also produced as attachments to an email from Vicki Hawker on Dec. 11. 2017. (*See id*. at 7.) Despite the fact that they had metadata for all of Defendants' productions in .dat files, Plaintiffs asked for the metadata of certain exhibits in native format as well at the Meet and Confer. Of those requested in native format by the Plaintiffs during Meet and Confer, the only ones not provided to them in native format are the privileged email chains, Exhibits 195 and 196. The attachments were provided in native format, but the emails themselves cannot be provided in native format because

they contain privileged redactions which would be revealed if produced in native format. (*See id*. at ¶ 88.) Defendants can make the native formats of these two email exhibits available to the Court for in-camera review if that would be helpful. Defendants can also provide metadata load files for the exhibits in question, if the Court would like to review them.

Plaintiffs' inaccurate claims aside, the question of whether the Assignment Documents were forged is an issue that the jury will have to decide. *See Grassi v. Grassi*, No. 20-3358, 2021 WL 3355475, at *6-7 (6th Cir. Aug. 3, 2021). The jurors cannot make that evaluation for themselves without hearing the evidence and viewing the Assignment Documents.

B. **Plaintiffs Are Not Entitled to an Adverse-Inference Instruction.**

Plaintiffs alternatively ask for an adverse-inference instruction based on alleged spoliation if the Court admits the Assignment Documents and accompanying email chains.

To the extent Plaintiffs' self-styled "Bench Brief" constitutes a spoliation motion on the eve of trial, the "motion" should be denied for at least two reasons. *First*, Plaintiffs waited unreasonably long to file the motion. District courts consider several factors when determining whether a spoliation motion is timely, including: (1) how long after the close of discovery the motion has been made, (2) the temporal proximity between a spoliation motion and motions for summary judgment, (3) whether the motion was made on the eve of trial, and (4) whether there was any governing deadline for filing spoliation motions in the scheduling order or by local rule. *See*, *e.g.*, *Weber Mfg. Tech., Inc. v. Plasan Carbon Composites, Inc*., No. 14-12488, 2016 WL 8114507, at *2-4 (E.D. Mich. July 26, 2016) (denying as untimely spoliation motion made one year after discovery closed and less than two months before trial). Furthermore, "courts have held that spoliation motions *must be brought as such in close proximity to the time when the party*

*becomes aware of the alleged destruction of evidence.*"  *Harden v. Stangle*, No. 3:18-cv-00981, 2020 WL 6685525, at *6 (M.D. Tenn. Nov. 12, 2020) (emphasis added) (collecting cases).

Plaintiffs current "motion" was made over three years after close of discovery in this case, (*i.e.*, October 7, 2019), nine months after supplemental discovery closed, and only *three days* before the start of trial.[2] Plaintiffs would have known of the absence of the inked originals during discovery had they asked for them to be made available for inspection, but Plaintiffs have known since at least an October 6, 2021 Status Conference that Defendants do not have the inked originals of the Assignment Documents.  (*See* Oct. 7, 2021 Minute Entry.)  Tellingly, Plaintiffs admit to making "numerous requests" for these Documents.  (Pls.' Bench Br., at 3.)[3]  Yet Plaintiffs filed no motion to compel and no motion for a finding of spoliation based upon any violation of a discovery order or other obligation.  The Court should deny Plaintiffs' eve-of-trial request.

*Second*, even if Plaintiffs had timely filed a spoliation motion, they are not entitled to an adverse inference instruction.  A party seeking an adverse inference instruction based on the destruction of evidence must prove that (1) "the party having control over the evidence had an obligation to preserve it at the time it was destroyed," (2) "the records were destroyed with a culpable state of mind," and (3) "the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Stocker v. United States*, 705 F.3d 225, 235 (6th Cir. 2013) (quoting *Beaven v. United States*, 622 F.3d 540, 553-54 (6th Cir. 2010)).  "[T]he choice of an appropriate sanction should be linked to

---

[2] While Plaintiffs did propose a loss or destruction of evidence jury instruction in their trial brief filed on May 17, 2022, Plaintiffs had not moved for and met the elements for establishing spoliation.  Thus, there was no basis for requesting a corrective instruction.

[3] Defendants have in their possession an inked original of the patent assignment signed by Michael Grassi on or around April 20, 2017.  Defendants made this document available to Plaintiffs for inspection.  (*See* Defendants' Response to Plaintiffs' Supplemental Interrogatory, Ex. 1 to Doc. No. 104, at 2.)  But Plaintiffs have *never* asked to see it.

the degree of culpability[.]" *Stocker*, 705 F.3d at 236 (holding that the district court did not abuse discretion in declining to grant adverse inference instruction due to party's negligent loss of document).

Plaintiffs simply have not met their burden of establishing any of these elements. Plaintiffs have not established any basis for a *Beaven* instruction because the Assignment Documents are not missing. The inked originals cannot be located, but there is no reason in this case that the inked originals of the Assignment Documents, as opposed to the contemporaneously scanned and emailed versions of the Assignment Documents (with metadata intact), are relevant to some issue at trial. Whether inked or scanned copies, Michael Grassi will claim they are forged. Plaintiffs never made a request in discovery for the inked originals of the Assignment Documents and did not object to admission of the Assignment Documents at the first trial. In addition, because Plaintiffs never disclosed or propounded a handwriting expert, no party was focused on the existence of inked originals of the Assignment Documents prior to remand of the case. There was no need for them. The produced and admitted copies of the Assignment Documents meet every need in this case. Plaintiffs have never demonstrated otherwise. Plaintiffs have also not satisfied the necessary *Beaven* element of showing a "culpable state of mind," because they have not shown that the inked originals of the Assignment Documents were indeed destroyed, much less knowingly destroyed. Finally, Plaintiffs have not demonstrated that the first element of *Beaven* is satisfied.

For all of these reasons, the Court should deny Plaintiffs' eleventh-hour attempt to exclude these documents, not only because the Court has already ruled on this issue, but also because neither the facts nor the law support their request.

Respectfully submitted, this December 4, 2022

*/s/ Suzanne Bretz Blum*
Suzanne Bretz Blum (0047231)
Brouse McDowell
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
P: (216) 830-6830 / F: (216) 830-6807
sblum@brouse.com

*/s/ John M. Moye*
John M. Moye (GA Bar 685211)*
Barnes & Thornburg LLP
3475 Piedmont Road, Suite 1700
Atlanta, Georgia 30305
P: (404) 264-4006 / F: (404) 264-4003
jmoye@btlaw.com

*/s/  Cole Ramey*
Cole Ramey (TX Bar No. 16494980)*
Kilpatrick Townsend & Stockton, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100 / F: (214) 922-7101
cramey@kilpatricktownsend.com

*/s/ Steven Moore*
Steven Moore (CA Bar No. 290875)*
Kilpatrick Townsend & Stockton, LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
P: (415) 273-4741 / F: (415) 651-8510
smoore@kilpatricktownsend.com

* Assignment *Pro Hac Vice*
*Counsel for Defendants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date, I electronically filed the foregoing **OPPOSITION TO PLAINTIFFS' BENCH BRIEF CONCERNING ADMISSIBILITY OF DOCUMENTS** via the Court's ECF system. I further certify that counsel of record for Plaintiffs is a registered ECF user and that service will be accomplished by the ECF system.

<i>/s/ Suzanne Bretz Blum</i>
<i>Counsel for Defendants</i>