UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRASSI, *et al.*, | ) Case No. 1:18-CV-2619-PAB |
| | ) |
| | ) Judge Pamela A. Barker |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN GRASSI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR DEPOSITION DESIGNATIONS AND IN RESPONSE TO DEFENDANTS' OBJECTIONS AND COUNTER-DESIGNATIONS**

Pursuant to the Court's Civil Trial Order dated June 3, 2022 (ECF Doc. 137), plaintiffs Michael Grassi and CFOM, Inc. ("Plaintiffs"), respectfully submit the following brief in support of their deposition designations and in response to the Notice of Objections and Counter-Designations to Plaintiffs' Deposition Designations submitted by defendants John Grassi and Alotech Limited, LLC ("Defendants") (ECF Doc. 157).

The Court already has addressed Defendants' objection to Plaintiffs submitting the deposition testimony of Dr. John Campbell in their case-in-chief. (ECF Doc. 166.) Defendants, however, have filed a motion to reconsider, arguing again that Plaintiffs did not list Dr. Campbell in the witness list in their trial brief. (ECF Doc. 167 at 2.) Defendants ignore that Plaintiffs' witness list stated: "Plaintiffs reserve the right to call as a witness any person listed in Defendants' Trial Brief and/or witness list, or who appear to testify at trial for Defendants." (ECF Doc. 120-1 at ¶ 11.) Defendants' witness list, which included Dr. Campbell, had a similar reservation. (ECF Doc. 122-1 at ¶ 12.)

To the extent the Court entertains the alternative argument advanced by Defendants that "the entirety of both parties' designations be played at once" (ECF Doc. 167 at 2), Plaintiffs do not agree.  The portions designated by Plaintiffs can be independently viewed and understood by the jury without any confusion.  Further, the Court held at the November 22, 2022 final pretrial that John Grassi's testimony in Plaintiffs' case will be limited to his cross-examination.  Dr. Campbell's testimony in Plaintiffs' case similarly should be limited to his cross-examination.  Defendants can then present Dr. Campbell as a witness in their case, the same as they will with John Grassi.

Regarding Defendants' specific objections and counter-designations to Plaintiffs' designations of Dr. Campbell's deposition testimony, Plaintiffs offer the following response:

| Pls.' designation | Defs.' Objection | Defs.' Counter-designation | Pls.' Response |
|---|---|---|---|
| Page 48, lines 10-20 | 402/403/foundation as to 48:14-20 | | Dr. Campbell has foundation to testify regarding who he did or did not speak with.  The testimony is relevant and not prejudicial, and is similar to testimony elicited by Defendants (page 7, line 19 through page 8, line 7.)  Plaintiffs are permitted to inquire as to the relationship between Defendants' counsel and the witness. |
| Page 48, line 22 | 402/403/foundation | | Dr. Campbell has foundation to testify regarding who he did or did not speak with.  The testimony is relevant and not prejudicial, and is similar to testimony elicited by Defendants (page 7, line 19 through page 8, line 7.)  Plaintiffs are permitted to inquire as to the relationship |

| | | | |
|---|---|---|---|
| | | | between Defendants' counsel and the witness. |
| Page 49, lines 1-9 | 402/403/foundation/Defs' MIL #3/Pls.' MIL #4 | | Plaintiffs agree to withdraw this designation. |
| Page 57, lines 2-7 | 402/403/use of unproduced, unlisted, stricken exhibit | | The exhibit at issue is a United States patent and was properly used for purposes of cross-examination. It is relevant and there is no prejudice or risk of confusion. |
| Page 59, lines 8-10 | 402/403/foundation/use of unproduced, unlisted, stricken exhibit | | The testimony is not related to any exhibit and is based upon Dr. Campbell's knowledge and involvement in ablation casting, namely as former owner of Alotech and an ongoing consultant of Alotech. It is relevant and not prejudicial or confusing. |
| Page 59, line 12 | 402/403/foundation/use of unproduced, unlisted, stricken exhibit | | The testimony is not related to any exhibit and is based upon Dr. Campbell's knowledge and involvement in ablation casting, namely as former owner of Alotech and an ongoing consultant of Alotech. It is relevant and not prejudicial or confusing. |
| Page 60, line 9 through page 61, line 3 | 402/403/foundation | | Testimony is relevant as it relates to Dr. Campbell's earlier testimony (and one of Defendants' arguments in this case) that Michael Grassi began working for Alotech because he was in need of work. The designated testimony properly explored Dr. Campbell's earlier testimony. Dr. Campbell has foundation to testify that he learned this information from John Grassi. |

3

| | | | |
|---|---|---|---|
| Page 61, lines 4-16 | Foundation | Page 61, line 19 through page 62, line 1 | Dr. Campbell has foundation to testify that he was not aware of a given fact.  Pages 61, line 19 through page 62, line 1 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |
| Page 61, line 18 | Foundation | Page 61, line 19 through page 62, line 1 | Dr. Campbell has foundation to testify that he was not aware of a given fact.  Pages 61, line 19 through page 62, line 1 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |
| Page 62, lines 2-3 | | Page 61, line 19 through page 62, line 1 | Pages 61, line 19 through page 62, line 1 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |
| Page 62, lines 5-16 | | Page 61, line 19 through page 62, line 1 | Page 61, line 19 through page 62, line 1 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |

4

| Page 63, line 17 through page 64, line 16 | Foundation/speculation (as to 64:13-16) | | Dr. Campbell has foundation to testify as to his expectation based upon his role as a former owner and ongoing consultant of Alotech. Further, Dr. Campbell testified on direct that John Grassi would not rely on an oral agreement, implying that John Grassi always executes written agreements with people he works with. (30:20-31:5.) |
|---|---|---|---|
| Page 63, line 18 through page 65, line 9 | Objection as repetitive to the extent this designation does not refer to **64**:18-65:9. Foundation/speculation (as to 64:18) | | As Defendants indicated, there was a typographical error in Plaintiffs' designations and the designation should have been to **64**:18-65:9. Dr. Campbell has foundation to testify as to his expectation based upon his role as a former owner and ongoing consultant of Alotech. Further, Dr. Campbell testified on direct that John Grassi would not rely on an oral agreement, implying that John Grassi always executes written agreements with people he works with. (30:20-31:5.) |
| Page 67, lines 3-18 | | Page 67, lines 19-21 | Page 67, line 19 through 21 should not be added for completeness because that testimony is not related to the designated testimony. Moreover, Defendants failed to designated this portion in their affirmative designations. |
| Page 68, line 25 through page 70, line 6 | 402/403/foundation (as to 70:5-6) | | Dr. Campbell testified that he *was aware* that Michael Grassi's wife was giving up a high-paying job to move |

5

| | | | |
|---|---|---|---|
| | | | to Ohio. Dr. Campbell has sufficient foundation to so testify. The testimony is relevant and it is not prejudicial or confusing. |
| Page 70, line 8 | 402/403/foundation (as to 70:8) | | Dr. Campbell testified that he *was aware* that Michael Grassi's wife was giving up a high-paying job to move to Ohio. Dr. Campbell has sufficient foundation to so testify. The testimony is relevant and is not prejudicial or confusing. |
| Page 87, lines 14-18 | Foundation (as to 87:17-18) | | Testimony simply establishes Dr. Campbell's lack of knowledge of a given fact. He has foundation to testify as to what he does and does not know. Defendants have continually asserted that Dr. Campbell was an integral part of Alotech, and he has been an owner or consultant of Alotech from 2000 to the present. |
| Page 87, lines 20-23 | Foundation (as to 87:20) | | Testimony simply establishes Dr. Campbell's lack of knowledge of a given fact. He has foundation to testify as to what he does and does not know. Defendants have continually asserted that Dr. Campbell was an integral part of Alotech, and he has been an owner or consultant of Alotech from 2000 to the present. |
| Page 88, line 12 through page 89, line 1 | Foundation | | Testimony simply establishes Dr. Campbell's lack of knowledge of a given fact. He has foundation to testify as to what he does and does not |

6

| | | | |
|---|---|---|---|
| | | | know.  Defendants have continually asserted that Dr. Campbell was an integral part of Alotech, and he has been an owner or consultant of Alotech from 2000 to the present. |
| Page 90, lines 5-13 | Does not designate question; as to question: 402/403/relies on unproduced, unlisted, stricken exhibit for foundation | | The testimony is unrelated to any exhibit.  The designated testimony is in response to the question at page 89, lines 21-23 (which has been designated) and is a continuation of the witness's answer at page 89, line 24.  The testimony is relevant and it is not prejudicial or confusing. |
| Page 90, lines 19-24 | | Page 91, lines 7-9<br>Page 91, lines 14-22<br>Page 92, lines 6-7 | Page 91, lines 7-9; page 91, lines 14-22; and page 92, lines 6-7 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |
| Page 92, lines 11-25 (objection on line 15 is withdrawn) | | Page 91, lines 7-9<br>Page 91, lines 14-22<br>Page 92, lines 6-7 | Page 91, lines 7-9; page 91, lines 14-22; and page 92, lines 6-7 should not be added for completeness because that testimony is not related to the designated testimony.  Moreover, Defendants failed to designated this portion in their affirmative designations. |

December 2, 2022  Respectfully submitted,

    /s/ *Jeffrey Saks*
Michael B. Pasternak (Ohio Bar No. 0059816)

7

E-mail: *Mpasternak1@msn. com*
THE LAW OFFICE OF MICHAEL PASTERNAK
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
Telephone: (216) 360-8500

Jeffrey Saks (Ohio Bar No. 0071571)
E-mail: *jsaks@sakslawoffice.com*
THE SAKS LAW OFFICE, LLC
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
Telephone: (216) 255-9696

Emmett E. Robinson (Ohio Bar No. 0088537)
E-mail: *erobinson@robinsonlegal.org*
ROBINSON LAW FIRM LLC
6600 Lorain Avenue #731
Cleveland, Ohio 44102
Telephone: (216) 505-6900

*Counsel for Plaintiffs Michael Grassi and CFOM, Inc.*

### Certificate of Service

I hereby certify that on December 2, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

 /s/ *Jeffrey Saks*
Jeffrey Saks

*Attorney for Plaintiffs Michael Grassi and CFOM, Inc.*

8