UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRASSI, et al.,<br>Plaintiffs,<br>vs.<br>JOHN GRASSI, et al.,<br>Defendants. | Case No. 1:18-CV-2619-PAB<br>Judge Pamela A. Barker |

**MOTION FOR LEAVE TO FILE (1) RESPONSE TO MOTION REGARDING ESCROW UNDER SEAL AND (2) REDACTED VERSION OF SAME ON THE PUBLIC DOCKET**

Pursuant to Fed. R. Civ. P. 7(b)(1), Local Rule 5.2, and this Court's Protective Order entered on March 11, 2019 (Doc. No. 23), Defendants John Grassi and Alotech Limited, LLC ("Alotech") move this Court for an order granting Alotech leave to file (a) an unredacted version of its Response to Plaintiffs' Motion Regarding Escrow (Doc. No. 232) (the "Response") under seal, and (b) a redacted version of same on the public docket. In support of this motion, Alotech states as follows:

1. This civil action was a complex case involving the ownership of and rights in certain intellectual property and/or certain commercial contracts with third-parties relating to that same intellectual property.

2. Owing to the complex nature of this case, and the proprietary and confidential nature of the intellectual property and commercial contracts at issue in this case, the parties, on March 7, 2019, moved this Court to enter a Stipulated Protective Order under Fed. R. Civ. P. 26(c)(1)(G), in order to protect the confidentiality of the information that is subject to this litigation and ensure that such information is not improperly disclosed to the public. (*See* Doc. Nos. 21 & 22.)

3. On March 11, 2019, this Court entered a Stipulated Protective Order that governs the use of information that is designated as confidential by the parties and, significant to the present Motion, provides the parties the right and duty to protect the confidentiality of information by, among other things, filing confidential information under seal so as to protect it from public disclosure. (*See* Doc. No. 23.)

4. The Stipulated Protective Order states that if "the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing." (Doc. No. 23, at 3.)

5. Trial in this case was scheduled to begin on December 5, 2022. On that date, however, the parties executed a Binding and Enforceable Term Sheet (the "Term Sheet"). As a result, the trial was cancelled. (*See* Minute Entry dated December 7, 2022, Doc. No. 176). On December 28, 2022, the Court entered a joint stipulation dismissing this case with prejudice but retaining jurisdiction to enforce the Term Sheet. (Doc. No. 178). The Term Sheet includes an agreement by the parties that the Term Sheet will remain confidential, with one limited exception.

6. The Alotech Parties filed their Motion to Enforce the Term Sheet on January 3, 2023. (Doc. No. 182.). Plaintiffs filed their Combined Opposition to Defendants' Motion to Enforce Term Sheet and Counter-Motion to Enforce Term Sheet on January 17, 2023. (Doc. No. 186.).

7. Following completion of the briefing on these Motions, the Court held an evidentiary hearing on February 10, 2023. At that hearing the Court ordered a forensic examination of certain devices in the possession of Michael Grassi. February 10, 2023 Minute Order (Doc. No. 207).

8. Subsequently, Plaintiffs filed a Motion Regarding Escrow under seal (Doc. No. 233) on May 30, and a Request for Status Conference (Doc. No. 234) on May 31, 2023. The Court denied Plaintiffs' Motion for Status Conference (Doc. No. 234) on May 31, 2023 and order Defendants to Respond by June 5, 2023 at 4:00 pm.

9. Defendants seek to file their Response to Plaintiffs' Motion under seal. Specifically, the information in the Reponse is related to the specifics of the Alotech trade secrets that were subject to return by Michael Grassi under the Term Sheet, the value of those trade secrets to Alotech, and the importance of this information to the terms of the proposed forensic protocol and goals of the forensic investigation ordered by the Court.

10. Courts favor openness as to court records, in part because there is value in an informed public that is able to evaluate the merits of judicial decisions. *Hansauer v. TrustedSec, LLC*, No. 20mc101, 2020 WL 6546210, at *2-3 (N.D. Ohio Nov. 6, 2020) (Barker, J.). Parties moving to seal must overcome a presumption of access, and the more relevant a case is to the general public, the greater the burden to the proponent of sealing. *Id*. In evaluating the competing interests in a motion to seal, courts in the Sixth Circuit "consider, among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *In re Davol Inc.*, 499 F. Supp. 3d 505, 514 (S.D. Ohio 2020) (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

11. There are various types of confidential information intertwined within the text of the Response. Some of the confidential information proposed for

redaction is sensitive business and intellectual property information of the Alotech Parties, including information about Alotech trade secrets. Trade secret information and the measures related to protecting those trade secrets in confidential business arrangements is the type of information that is appropriately protected by tailored sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) (existence of a trade secret "is typically enough to overcome the presumption of access" by the public).

12. Additionally, the Response discusses in detail the parties' confidential Term Sheet and the confidential settlement terms therein. The confidentiality of these terms constitutes a compelling interest that justifies filing the Response under seal. *See, e.g.*, *Rorick v. Silverman*, No. 1:14-cv-312, 2017 WL 3124155, at *1 (S.D. Ohio July 24, 2017) (finding that the confidentiality of the terms of confidential settlement agreement constituted a compelling interest that justifies retaining under seal the parties' memoranda related to motion to enforce).

13. There is no special public benefit to disclosure of the information that Alotech seeks to seal. None of the proposed redacted information would inform the public of anything relevant to public health or safety, and this is not a class action or civil rights case.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant them leave to file their Response under seal and also grant them leave to file a redacted version of same on the public docket.

Respectfully submitted, this 5th day of June, 2023.

HERMAN JONES LLP

*/s/ Carlton R. Jones*
Carlton R. Jones
(admitted *pro hac vice*)

John R. Mitchell (#0066759)
JMitchell@Taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
T: (216) 706-3909
F: (216) 241-3707

HERMAN JONES LLP
John C. Herman
(admitted *pro hac vice*)
jherman@hermanjones.com
Carlton R. Jones
(admitted *pro hac vice*)
cjones@hermanjones.com
3424 Peachtree Road, NE, Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500

Facsimile: (404) 504-6501

*Counsel for Defendants*
*John Grassi and Alotech Limited, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2023, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: /s/ *Carlton R. Jones*

Carlton R. Jones
(admitted *pro hac vice*)
HERMAN JONES LLP
cjones@hermanjones.com