UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRASSI, et al., <br>     Plaintiffs, <br> vs. <br> JOHN GRASSI, et al., <br>     Defendants. | Case No. 1:18-CV-2619-PAB <br><br> Judge Pamela A. Barker <br><br> **FILED UNDER SEAL** |

## RESPONSE TO PLAINTIFFS' MOTION
## REGARDING ESCROW OF SETTLEMENT FUNDS

Defendants John Grassi and Alotech Limited, LLC ("Alotech"), by and through their undersigned counsel, respectfully submit this Response to Plaintiffs' Motion Regarding Escrow of Settlement Funds (the "Motion"). This matter should have been concluded months ago, but Plaintiffs have refused to meet their ███████████████████████████. Having not complied with the settlement, Plaintiffs incredibly seek additional relief from the Court not required by the settlement. For the reasons set forth below, Plaintiffs' Motion should be denied.

## I. Introduction

As the Court is well aware, the settlement between the parties required that ██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Yet the ink on the settlement was not even dry when, as we now know, ██████

██████████████████████████████████████████████████████████ To

this day, nearly six months after the settlement, Plaintiffs have yet to ██████

████████████████████████████

Ignoring the fact that they are plainly in breach of their obligations under the settlement, Plaintiffs seek to force Alotech to comply with obligations over and above its obligations under the settlement. Plaintiffs' Motion is without any basis in law or fact and violates the terms of the settlement. Moreover, Plaintiffs are not entitled to the relief that they seek because of their breach of the settlement as well as their unclean hands resulting from their misuse, copying, and deliberate destruction of Alotech's devices and trade secret data.

## II. Background

### A. The Parties' Settlement

The settlement Term Sheet (Doc. No. 182-1 "Term Sheet"), signed by the parties on December 5, 2022, set forth provisions by which Alotech could ensure the return and sole ownership of its technology and related trade secret data in order to move on with its business in the industries it operates in without interference from Plaintiffs. Specifically, the Term Sheet states in relevant part that:



3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Term Sheet at ¶6.

Subject to Plaintiffs' compliance with these obligations, Alotech agreed to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Term Sheet at ¶9.

During the February 10, 2023 Hearing, John Grassi also elaborated on how critical it was for Alotech to receive its trade secret data back in order to "move on" with its business. Doc. No. 215 ("February 10, 2023 Transcript") at 18:1-19:10. In other words, as the Court rightly recognized, "it was part and parcel to get that information securely in his sole possession so that he could use it going forward in his business." Doc. No. 229 ("April 27, 2023 Transcript") at 23:5-7.

**B.  Plaintiffs' Breaches of the Settlement Terms**

Notwithstanding the clear and unambiguous terms of the Term Sheet, Plaintiffs have refused to return Alotech devices and data, forcing Alotech to file their Motion to Enforce the Term Sheet. Doc. No. 182. Moreover, Plaintiffs have now admitted that they duplicated and destroyed Alotech data and devices both before and after signing the very Term Sheet ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████ Each of these is a clear breach of the Term Sheet for which Plaintiffs have not and cannot provide any reasonable explanation.

Now, after a forensic examination was ordered by the Court following the February 10 hearing revelation that Michael Grassi had duplicated data and destroyed various devices, Plaintiffs continue to hinder the process. For example, Plaintiffs have still not signed the required agreements to engage E&Y in this matter nearly three months after receiving the engagement letter. In the interim, Plaintiffs attempted to use the lack of a signed agreement as reason to postpone the preservation Michael Grassi's Gmail account and only relented when Alotech sought relief from the Court.[1]

Moreover, the Court ordered a forensic examination of certain devices on February 10, 2023, it took Plaintiffs approximately three months and an intervening motion by Alotech for the first basic step—the preservation of the Gmail account of Michael Grassi—to be accomplished. While Plaintiffs have claimed to be cost-

---

[1] In their Motion, Plaintiffs accuse Alotech of failing to meet and confer prior to filing their emergency motion. This is simply not true. *See* May 15, 2023 Joint Status Report (Doc. No. 228) at FN 2.

conscious, Plaintiffs' modus operandi thus far has only created delays and disputes at every turn, and frequently endangered the forensic reliability of the examination.

Plaintiffs' actions in refusing to return Alotech's property, destroying its data and property, wiping its computers, and taking actions to delay the preservation of his Gmail account, ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Alotech is actively considering how best to address these new revelations.

## III. Argument

Plaintiffs' Motion has no legal or factual support. Worse, Plaintiffs' Motion completely and utterly fails to acknowledge that Plaintiffs are plainly in breach of the settlement terms and have engaged in repeated damaging conduct. As a result, both law and equity require a denial of Plaintiffs' Motion.

### A. Plaintiffs' Motion Has No Valid Basis

As an initial matter, the Term Sheet ████████████████████████ ████████████████ Ignoring this fact, Plaintiffs request the Court to exercise some unnamed, unexplained authority despite an express agreement by the parties to the contrary.

At the outset, contract law dictates that Plaintiffs' Motion should be denied. A "party first guilty of a material breach of contract may not maintain an action against the other party or seek to enforce the contract against the other party should that party subsequently breach the contract." *Diebold Nixdorf Incorporated v. QSI, Inc.*, 2020 WL 6583090, at *2 (N.D. Ohio Nov. 9 2020) (quoting *Bash v. Laikin*, No. 5:13-cv-2731, 2014 WL 3842884, at *14 (N.D. Ohio Aug. 1, 2014) (quotation marks and internal citations omitted)); *See also First Energy Solutions v. Gene B. Click Co.*, 2007 WL 4554402, *9 (Ohio Ct. App. 2007); *Nious v. Griffin Constr., Inc.*, 2004 WL 1752872, at *3 (Ohio App. 10 2004) ("If a defendant fails to perform an essential or 'material' element of a contract, not only can it be liable for damages, but it also excuses the plaintiff from any further performance."); and Restatement (Second) of Contracts § 237 ("[a] material failure of performance…prevents performance of those duties from becoming due, at least temporarily, and it discharges those duties if it has not been cured during the time in which performance can occur.").

Plaintiffs' Motion fails to articulate any factual or legal basis upon which the Court should order the escrow of the funds sought by Plaintiffs. Plaintiffs point to past statements from Alotech,[2] but critically ignore that these predate the admissions

---

[2] *See* Motion at 3-4.

that Michael Grassi made in the February 10, 2023 hearing that he duplicated and destroyed at least some portions of Alotech data—████████████████ ████████████—after he executed the Term Sheet. *See, e.g.*, *February 10, 2023 Transcript* at 48:22-49:1, 96:10-24, 103:20-23, 112:10-113:9, 141:18-143:16, 158:5-11. Plaintiffs also point to a purported "refus[al] to confirm…an intent to pay" by Alotech but critically omit the context of these communications and fail to provide any actual evidence of to support their desire for an escrow of funds. Motion at FN 1.

As set forth above, Plaintiffs have breached the Term Sheet in multiple ways, including by ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ Accordingly, Plaintiffs are not entitled to the relief sought due to their breach.

    **B.**    **Plaintiffs Are Not Entitled to the Escrow Sought Due to Their Own Unclean Hands**

"The most memorable equitable maxim learned by every first year law student is 'he who comes seeking equity must come with clean hands.'" *Meek v. Geneva*, 2017-Ohio-7975, 98 N.E.3d 907, 918. "The 'clean hands doctrine' of equity requires that whenever a party takes the initiative to set in motion the judicial machinery to obtain some remedy but has violated good faith by his prior-related

conduct, the court will deny the remedy." *Bonner Farms, Ltd. v. Fritz*, 355 F. App'x 10, at *16-17 (6th Cir. 2009) (citations omitted); *see also United States v. Hagar*, No. 1:16 CR 00273, 2023 WL 2895155, at *7 (N.D. Ohio Apr. 11, 2023). "This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is 'not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.'" *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945); *see also Bonner Farms*, 355 F. App'x 10 at *16-17.

As Plaintiffs have set forth no true basis for their Motion, they appear to be seeking escrow as a form of equitable relief from the Court—effectively arguing that irreparable harm will occur without actually saying so or even attempting to meet the higher standards needed for such a request.

Plaintiffs have made repeated misrepresentations upon which Alotech and the Court relied, including[3]: (1) at least initially claiming that Plaintiffs did not have any Alotech property; (2) devices and data that Plaintiffs had agreed to return had allegedly already been wiped and scrapped, or would not be returned because

---

[3] As the Court has rightly noted, the conduct and testimony of Michael Grassi has been suspect and has created serious concerns about his credibility. *See, e.g.*, *April 27, 2023 Transcript* at 13:15-14:3, 27:4-15; *February 10, 2023 Transcript* at 69:16-20. Alotech absolutely shares those concerns.

9

Michael Grassi now considered them his, even going so far as to falsely claim during the February 10 hearing that his signature had been forged on a receipt for the Dell 6800 computer reimbursement; (3) that Michael Grassi simply deleted large amounts of very valuable Alotech trade secret data; (4) that Michael Grassi and Charles Rizzuti made a clone of an Alotech device containing trade secret data two days after the signing of the Term Sheet; and finally (5) that Michael Grassi has accurately represented that all of the devices provided to the forensic examiner represented "everything" he had that might be or contain Alotech property.

In contrast, Plaintiffs' failure to return Alotech's data has undermined the consideration of the Term Sheet. As discussed in the February 10 and April 27, 2023 hearings, devices and data that were in the possession of Michael Grassi containing valuable trade secret information critical to Alotech's ability to "move on" with its business that was a recognized purpose of the settlement.[4] ███████████

███████████████████████████████████████████. █

████████████████████████████████████████████

████

---

[4] Despite what Plaintiffs claim, the importance of this data to Alotech was not something that was recently raised for the first time, and certainly should not have come as a surprise to Michael Grassi, who has always been well aware of the value of the trade secret data to Alotech. John Grassi has made this clear in his prior testimony, *February 10, 2023 Transcript* at 18:1-19:10, and the Court has also made clear that it understood that the data was key for Alotech to move on with its business under the settlement. *April 27, 2023 Transcript* at 23:5-7.

Now, as it appears that some or all of this valuable information may have been destroyed by Plaintiffs, ███████████████████████████████████

███████ ████████████████████████████████████████████

████████████████████████████████████████████████

Plaintiff Michael Grassi ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██t.  This entire exercise has only been necessary due to his actions, and he should not now be entitled to the escrow sought due to his unclean hands.

## IV. Conclusion

As set forth above, there is no merit to Plaintiffs' Motion.  Plaintiffs wholly fail to set forth any valid factual or legal basis for the relief that they seek and are not entitled to the relief due to their breach of the Terms Sheet as well as their own unclean hands.  Accordingly, their Motion should be denied in its entirety.

Finally, Plaintiffs' request a status conference with the Court regarding their Motion.  Alotech respectfully submits that because Plaintiffs' Motion has no merit, that a status conference is unnecessary on this particular issue.  Rather, Alotech requests a status conference be held, that the parties' agreed forensic examiner be

invited to attend, and that this Court make a determination as to the scope of work and other items needed to complete the forensic analysis.

Respectfully submitted, this 5th day of June, 2023.

/s/ Carlton R. Jones

John R. Mitchell (#0066759)
JMitchell@Taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
T: (216) 706-3909
F: (216) 241-3707

HERMAN JONES LLP
John C. Herman
(admitted *pro hac vice*)
jherman@hermanjones.com
Carlton R. Jones
(admitted *pro hac vice*)
cjones@hermanjones.com
3424 Peachtree Road, NE, Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501

*Counsel for Defendants*
*John Grassi and Alotech Limited, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

<pre>
                    By: /s/ <i>Carlton R. Jones</i>
                        Carlton R. Jones
                          (admitted <i>pro hac vice</i>)
                        HERMAN JONES LLP
                        cjones@hermanjones.com
</pre>