IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GRASSI, et al.,** | Case No.: 1:18-cv-02619 |
| **Plaintiffs,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **JOHN GRASSI, et al.,** | |
| **Defendants.** | ORDER |

On March 8, 2024, the Court issued a Memorandum Opinion and Order denying Plaintiffs' request to vacate the Term Sheet and dismissal under Rule 60(b)(6) and denying in part and granting in part Defendants' Renewed Motion to Enforce Term Sheet. (Doc. No. 301.) In its Opinion, the Court concluded that "Plaintiffs are free to find and pay for their own forensic examiner from this point forward." (*Id.* at PageID# 6605.) The following business day, Plaintiffs filed a Motion for Order to Forensic Examiner to Return Devices. (Doc. No. 302.) In the Motion, Plaintiffs requested an order from the Court stating that:

> [T]he forensic examiner is to: (1) return to Plaintiffs or their counsel all devices previously provided by Plaintiffs to the forensic examiner; (2) return all login, password and other access information to Plaintiffs' Gmail account and/or devices; and (3) destroy any information relating to Plaintiffs' devices or accounts in its possession.

(*Id.*)

Plaintiffs contended that "implicit" in the Court's March 8, 2024, Opinion was that "the current forensic examination process has concluded, and Plaintiffs are entitled to the return of their devices." (*Id.*) The Court agreed and granted Plaintiffs' Motion the same day they filed it. (Non-Document Order dated March 11, 2024.) In its Order, the Court added the proviso that the forensic

examiner is to return the devices and destroy any information in its possession only "[t]o the extent that doing so will not interfere with any pending federal grand jury subpoena." (*Id.*)

On March 12, 2024, Defendants filed an Emergency Motion for Preliminary Injunction seeking (1) an order enjoining Plaintiffs from possessing Alotech property; (2) the return to Defendants rather than Plaintiffs of "the Dell M6800 laptop, the SanDisk storage device, and devices containing files whose metadata identify[] them as having come from the Dell M6800;" (3) a 30-day stay of the Court's March 11, 2024, Order; and (4) an order that the forensic examiner, Ernst & Young, "maintain a forensically sound copy of the devices and data in its possession, as well as its related working papers, in escrow." (Doc. Nos. 303, 303-2.)

On March 14, 2024, Plaintiffs filed an Opposition to Defendants' Motion for Preliminary Injunction. (Doc. No. 306.) Plaintiffs argue that Defendants have failed to demonstrate any of the factors necessary for injunctive relief. (*Id.* at PageID# 6665-69.) And they contend that if the Court were to grant Defendants' Motion, the Court should require Defendants to post a $2.5 million bond. (*Id.* at PageID# 6670.)

On March 15, 2024, Defendants filed a Reply. (Doc. No. 308.) Defendants chiefly argue that they only "seek[] to maintain the status quo" and that "escrow of the material by a neutral third party [i.e., Ernst & Young] is the only way to guarantee it is unadulterated for any future proceedings." (*Id.* at PageID# 6701.)

After carefully considering the parties' arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Preliminary Injunction, as follows.

First, the Court DENIES Defendants' request for an order "enjoin[ing] [Plaintiffs] from possessing Alotech property, including that which is currently in possession of Ernst & Young." (Doc. No. 303-2, PageID# 6651.) As the Court stated in its Memorandum Opinion and Order,

2

whether the files on the devices Plaintiffs gave to the forensic examiner "are Alotech property that Plaintiffs should have returned under the Term Sheet is still to be determined." (Doc. No. 301, PageID# 6618.) Until that is determined, there is no breach of the settlement agreement, and the Court thus lacks authority to grant injunctive relief. (*Id*. at PageID# 6617.)

Second, the Court DENIES Defendants' request that "the Dell M6800 laptop, the SanDisk storage device, and devices containing files whose metadata identify[] them as having come from the Dell M6800" be returned to Defendants. (Doc. No. 303-2, PageID# 6651.) In the Term Sheet, Plaintiffs agreed to return the Dell M6800, and Plaintiffs voluntarily turned over the SanDisk storage device to Ernst & Young. But the decision to return these devices to Defendants—that is, to comply with the condition precedent of the Term Sheet—is for Plaintiffs to make. The Court will not order that Plaintiffs return the devices at this stage.

Third, the Court GRANTS Defendants' Motion to the extent that it requests that the Court order Ernst & Young to maintain forensic copies of the devices and data at issue. It appears to the Court that Ernst & Young has already created forensic copies of the devices and data. (*See* Doc. Nos. 223, 228.) If this is the case, Defendants shall direct Ernst & Young to maintain these copies at Defendants' expense. (*See* Doc. No. 308-1, PageID# 6707.) If Ernst & Young has not created forensic copies, Defendants shall direct Ernst & Young to do so **within 30 days of the date of this Order**. Defendants shall pay the costs of creating these copies, if necessary. Ernst & Young shall maintain the forensic copies until further order of the Court, and Ernst & Young shall not conduct any further forensic examination on them.

Fourth, the Court GRANTS Defendants' request to hold the Court's March 11, 2024, Order in abeyance for 30 days. The purpose of this 30-day stay is to provide Ernst & Young time to create forensic copies of the devices and data if they have not already done so, and to determine whether

returning the devices and data to Plaintiffs per the March 11, 2024, Order will interfere with any still pending federal grand jury subpoena.  **On the 31st day after the date of this Order**, Ernst & Young shall return the devices, data, and access information to Plaintiffs in accordance with the March 11, 2024, Order.

    **IT IS SO ORDERED.**

Dated:  March 19, 2024                        *s/ Pamela A. Barker*
                                                       PAMELA A. BARKER
                                                       UNITED STATES DISTRICT JUDGE